IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-581-MOC-DCK

BOBBY JO ROSINBAUM and ROBERT
WILLIAM MORGAN, JR., individually and
on behalf of all similarly situated individuals,

        Plaintiff,

v.

FLOWERS FOODS, INC. and FRANKLIN
BAKING CO., LLC,

        Defendant.

**CERTIFICATION AND REPORT OF F.R.C.P. 26(f) CONFERENCE AND DISCOVERY PLAN**

      Certification of Conference. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on __2/19/2016_____ [ ] at _____ (*place*) or [X] by telephone and was conducted by the undersigned counsel for the designated parties in the above-captioned case. Counsel for both parties corresponded several times following the initial meeting on the issues raised herein as well.

      Pre-Discovery Disclosures. The information required by Fed. R. Civ. P. 26(a)(1) (*check one*) [ ] has been exchanged [X] will be exchanged by 03/10/16.

      Discovery Plan. The parties jointly propose to the court the following discovery plan:

      Plaintiffs assert four claims in their Complaint against Defendants Flowers Foods, Inc. and Franklin Baking Co., LLC: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) declaratory judgment; (3) violation of the North Carolina Wage and Hour Act; and (4) North Carolina Unfair and Deceptive Trade Practices Act claims. Plaintiffs seek to pursue their FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of all "similarly situated" distributors who performed work for Defendants in the state of North Carolina under a Distributor Agreement or similar written contract during the applicable time period. Plaintiffs seek to pursue their North Carolina Wage and Hour Act and North Carolina Unfair and Deceptive Trade Practices Act claims as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), on behalf of all distributors who performed work for Defendants in the State of North Carolina under a Distributor Agreement or similar written contract during the applicable time period.

      The parties have conferred regarding proposed discovery for this action and deadlines for filing motions. The parties disagree with respect to whether discovery

should be bifurcated into (1) FLSA conditional certification discovery and discovery focusing on issues related to Rule 23 certification followed by (2) discovery on damages, merits, and decertification issues (assuming the Court conditionally certifies this action). Plaintiffs and Defendants set forth their competing plans below.

**Plaintiffs' Proposed Discovery Plan and Deadlines:**

Discovery shall commence the day following the parties' submission of this Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan and shall continue for a period of nine months. During this time, the parties will brief FLSA conditional certification while, at the same time, take discovery into all four causes of action. This proposal recognizes that the purpose of discovery is for the parties to develop a factual record that will allow the Court to conduct the required analysis under Rule 23, the FLSA, and North Carolina state law.

Defendants' proposal to bifurcate discovery will needlessly delay this litigation and lead to excessive motion practice over whether a discovery request relates to what phase of discovery.[1] Rule 1 requires "just, speedy, and inexpensive determination of every action and proceeding" Bifurcating discovery as Defendants propose will only serve to elongate these proceedings. For example, the parties will undoubtedly disagree regarding whether a discovery request relates to class certification, which is part of Defendants' proposed "phase 1" or decertification, which is part of Defendants' proposed "phase 2." The Court will then have to decide a motion regarding whether a request relates to a particular "phase" of discovery. Such motion practice will distract from the goal of completing discovery while also allowing the party opposing the discovery request a chance to obstruct discovery during the time that the motion is pending. *See e.g., In re Hamilton Bancorp, Inc. Securities Litigation*, 2002 WL 463314, *1 (S.D. Fla. Jan. 14, 2002); *In re Semgroup Energy Partners, L.P., Securities Litigation*, 2010 WL 5376262 (N.D. Okla. 2010).

While it is certain that phased discovery will lead to otherwise needless motion practice, phased discovery will not save time or money because there is significant overlap between class certification and phased discovery. For example, with respect to the wage deduction claim, the fact that Defendants made wage deductions from all Distributors goes to the commonality, typicality, and predominance elements of Rule 23

---

[1] Defendants state below that "A similar approach allowing both a conditional certification and merits deposition per Plaintiff and select opt-ins was also adopted in the *Rehberg* litigation by Magistrate Judge Cayer." However, Defendants fail to note that some of the order was negotiated between the parties. Given Plaintiffs' experience in the earlier case, they are unwilling to make the same agreement in this matter because it led to protected discovery with many discovery disputes.

and Plaintiffs will request documents showing all of those deductions to establish those elements. The same documents also go to damages. The same overlap is present in ESI, distributor files, and the testimony of Defendants representatives. Indeed, it is difficult to imagine what documents or testimony will relate *only* to damages, merits, decertification, and the like. Because of the significant overlap, virtually all discovery will be completed in Defendants' proposed "phase 1" and so the notion of time or cost savings through bifurcation is illusory.

Additionally, Plaintiffs oppose Defendants' request to conduct two depositions of each named plaintiff and their selected opt-in plaintiffs. In order for the Court to change the express limitation that a fact witness deposition will take place on one 7-hour day, Defendants must establish good cause. The rules permit a court to extend the time limit for depositions "consistent with Rule 26(b)(2) if needed for a fair examination of the deponent … ." Fed. R. Civ. P. 30(d)(2). The party seeking a time extension must show good cause to justify the order sought. *See* Fed. R. Civ. P. 26(b)(2). Rule 26(b)(2) further narrows the authority to extend the set deposition limit by prohibiting extensions in cases where (1) the discovery is unreasonably cumulative or obtainable from another source that is more convenient, (2) the party has had ample opportunity to obtain the information sought, or (3) the burden or expense of the proposed discovery outweighs its unlikely benefit considering the needs of the case. *Id.*

> In weighing [the Rule 26(b)(2)] factors, and applying them to whether a deposition should be longer than seven hours, **the court should begin with the presumption that the seven-hour limit was carefully chosen and that extensions of that limit should be the exception, not the rule.** Automatic extensions eviscerate the rule.

*Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007) (emphasis added). Taken together the rules require the moving party to show good cause to justify the extension of time, and that the questioning will not violate the Rule 26(b)(2) protections against burdensome or cumulative discovery.

Good cause under the rules is a fact-intensive inquiry. The Federal Rules Advisory Committee provides several examples of grounds for granting an extension that include a witness who requires an interpreter, examination that covers events occurring over a long period of time or extensive documents, whether multiple parties are deposed, or if someone impedes or delays the examination. Fed. R. Civ. P. 30 2000 advisory committee's note. None of those factors are present here. Federal courts place the

3

relatively high burden of establishing good cause on the party seeking additional deposition time.

**<u>Plaintiffs' Proposed Deadlines:</u>**

    Plaintiffs' class certification:    30 days after discovery ends

    Defendants' motion to decertify:  30 days after discovery ends

    Parties' responses to motions:    30 days after motions filed

    Parties' replies to motions:       14 days after responses filed

**<u>Defendants' Proposed Discovery Plan and Deadlines:</u>**

Defendants' proposed discovery plan, which is broken into two phases, is set forth below:

**First phase discovery**

Defendants propose that the first phase of discovery focus on issues relevant to Section 216(b) conditional certification and Rule 23 class certification and that during this first phase, both parties shall be entitled to limited discovery, as set forth below.

The first phase of discovery shall commence the day following the parties' submission of this Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan and shall continue for a period of six months. Defendants believe phased discovery in this case, which has been used or adopted in numerous district court cases within the Fourth Circuit and elsewhere, including in the *Rehberg* case,[2] allows for more orderly

---

[2] *See, e.g., Rehberg v. Flowers Foods, Inc.*, No. 3:12-cv-596, Am. Certification and Report, Ct. Doc. No. 29 (W.D.N.C. Nov. 27, 2012) (adopting phased discovery with first phase focusing on conditional certification issues and allowing defendants to depose three named plaintiffs and three opt-in plaintiffs prior to responding to plaintiffs' motion for conditional certification). *See also, e.g., Carver v. Velocity Express Corp.,* No. 1:07cv407, 2008 WL 1766629, at *1-3 (W.D.N.C. Apr. 14, 2008) (adopting bifurcated discovery and allowing first phase of discovery to focus on issues relating to Rule 23 class certification and Section 216(b) conditional certification); *Velasquez–Monterrosa v. Mi Casita Restaurants,* No. 5:14-cv-448-BO, 2015 WL 196440 (E.D.N.C. May 1, 2015) (adopting parties' agreement of bifurcated discovery with first phase focusing on issues relevant to Rule 23 class certification and Section 216(b) conditional certification and second phase focusing on merits and other issues); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15CV227, 2015 WL 6110859, at *1 (M.D.N.C. Oct. 16, 2015) (allowing limited discovery to include the depositions of the named Plaintiff and the opt-in Plaintiff on the

4

and efficient management of the litigation and is consistent with Rule 1 of the Federal Rules of Civil Procedure and proportionality concerns contained in revised Rule 26(b)(1). As the Western District has already recognized, bifurcating discovery with first phase discovery focusing on issues relating to Section 216(b) conditional certification and Rule 23 certification "would better serve the court and public interest in the speedy resolution of this matter." *Carver v. Velocity Express Corp.,* 2008 WL 1766629 (W.D.N.C. 2008). Further, substantial resources can be preserved by implementing phased discovery, particularly if Plaintiffs' Motion for Conditional Certification or Rule 23 Class Certification is denied. Defendants believe conducting discovery as Plaintiffs propose could result in the parties' conducting significant discovery relating to claims of individuals who are ultimately not included as class members, whether under Section 216(b) or Rule 23, which would be unnecessary and a waste of the parties' resources if the Court denies Plaintiffs' Class and Conditional Certification Motions. This would include, for example, discovery relating to these individuals' misclassification claims, overtime claims and potential applicability of overtime exemptions, and the claims and defenses to the North Carolina claims asserted herein. Further, Defendants do not believe this approach would cause undue delay of these proceedings.

Defendants propose that during this first phase, they shall be entitled to depose the two named Plaintiffs and three select opt-in Plaintiffs, if any, of Defendants' choosing. Such depositions will be scheduled to take place at the offices of Ogletree Deakins in Raleigh, North Carolina, unless otherwise agreed to by the parties. The depositions shall be limited to issues relevant to conditional certification and Rule 23 class certification. The depositions shall be limited to four hours each on the record, without prejudice to Defendants' ability later in the case to take a full seven-hour deposition of each individual with respect to merits discovery, damages issues, and decertification issues (if a class is conditionally certified). Defendants contend that allowing two depositions of each Plaintiff and the select opt-ins is neither duplicative nor cumulative, nor would it

---

subject of factual issues raised by plaintiff in the motion for conditional certification on FLSA and state wage claims).

impose an undue burden on any party, because the first phase depositions would be limited solely to that which is relevant to conditional certification and Rule 23 class certification. A similar approach allowing both a conditional certification and merits deposition per Plaintiff and select opt-ins was also adopted in the *Rehberg* litigation by Magistrate Judge Cayer.

Defendants propose that during this first phase, Plaintiffs shall be entitled to take three depositions limited to issues relevant to conditional certification and Rule 23 class certification, each of which shall also be limited to four hours on the record.

Plaintiffs' counsel suggests that Defendants cannot show "good cause" for requiring the named Plaintiffs to sit for an abbreviated deposition on the limited issue of class and conditional certification in addition to their depositions during merits, damages and decertification (if applicable) discovery. Given the extraordinary costs of litigating class action lawsuits, the requirement that a small number of plaintiffs <u>and defense witnesses</u> sit for short depositions on the limited subject of class certification is hardly prejudicial. That, presumably, is why courts have approved the practice in other cases.

**<u>Defendants' Proposed Deadlines:</u>**

Defendants propose that Plaintiffs' Motion for Conditional Certification and Class Certification be due no later than October 3, 2016, with responses due on November 3, 2016 and replies due on November 17, 2016.

**Second Phase of Discovery and Deadlines:**

Defendants propose that the second phase of discovery focus on the merits, damages issues, and decertification issues (if a class is conditionally certified), pursuant to the following schedule:

| | |
|---|---|
| Discovery begins: | Day after Court's ruling on Rule class certification or conditional certification, whichever is later |
| Discovery ends: | 6 months thereafter |

The second phase discovery deadlines can be reset with specific dates following the issuance of the Court's Order on Plaintiffs' Motion for Conditional Certification and/or Rule 23 Class Certification. If the Court grants Plaintiffs' conditional certification motion, Defendants propose that the Parties meet and confer regarding a proposed date for the deadline for individuals to opt in, as well as to the form of notice.

Defendants also propose that the parties agree to confer on a proposed date for Defendants' decertification motion.

**<u>Discovery limits:</u>**

Defendants' shall collectively be entitled to serve a maximum of <u>25</u> (*ordinarily* 20) interrogatories on each named Plaintiff and opt-in Plaintiff, including subparts; a maximum of 25 requests for production on each Plaintiff and opt-in Plaintiff, including subparts; and a maximum of <u>25</u> (*ordinarily 20*) Rule 36(1)(a) requests for admission on each Plaintiff and opt-in Plaintiff, including subparts, except no limit on 36(1)(b) requests. Plaintiffs shall collectively be entitled to serve a maximum of 25 (*ordinarily* 20) interrogatories on each named Defendant, including subparts; a maximum of 25 requests for production on each Defendant, including subparts; and a maximum of <u>25</u> (*ordinarily 20*) Rule 36(1)(a) requests for admission on each named Defendant, including subparts, except no limit on 36(1)(b) requests. The parties agree that responses and written objections to such discovery requests shall be served within forty-five (45) days, unless the parties agree to a longer period for serving such responses. Assuming the Court conditionally certifies Plaintiffs' proposed class, and after any notice period has expired, the parties agree to confer regarding the number of opt-in Plaintiff depositions Defendants may take and the number of depositions Plaintiffs may take. If the parties are unable to reach an agreement regarding the appropriate number of depositions, they agree to seek guidance from the Court regarding the same.

a) Reports from retained experts under Rule 26(a)(2) will be due:

    -from plaintiff(s) by __2/28/17_____(*date*)
    -from defendant(s) by __2/28/17_____(*date*)
    Supplementations under Rule 26(e) due ___30 days after reports____ (*list time(s) or interval(s)*)

Other Items. [Attach separate paragraphs as necessary if parties disagree.]

a) The parties [X] request [ ] do not request a conference with the court before entry of the scheduling order.

b) All potentially dispositive motions should be filed by <u>60 days after an Order on Class Certification or the close of discovery, whichever is later</u> (*date, ordinarily one month after the close of discovery*)

7

c) Settlement:

    [ ] is likely
    [ ] is unlikely
    [ ] cannot be evaluated prior to _____(*date*)
    [ ] may be enhanced by use of the following ADR procedure:
    [X] Mediated Settlement Conference
    [ ] binding arbitration
    [ ] judicial settlement conference
    [X] other <u>will continue to evaluate the possibility of settlement</u>

The parties agree that the above selected ADR procedure would be most useful if conducted:
    [ ] after resolution of any outstanding dispositive motions, but prior to further discovery;
    [ ] after an initial round of preliminary discovery to be completed by _____ (*date*);
    [ ] after the completion of discovery;
    [ ] after resolution of summary judgment motions, if any
    [X] not applicable. <u>The Parties will continue to evaluate the possibility of settlement.</u>

d) Final lists of witnesses and exhibits under Rule 26(a)(3) are due:

    from plaintiff(s) <u>60 days prior to trial</u>
    from defendant(s) <u>60 days prior to trial</u>

e) If the case is ultimately tried, trial is expected to take approximately <u>21</u> days.

f) [X]    The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge.

Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, protective orders, etc., unmovable scheduling conflicts)

    <u>-ESI agreement_____</u>

    <u>-Whether to adopt phased discovery_____</u>
    <u>-Protective Order_____</u>
    <u>-Timing of Conditional Certification Motion_____</u>
    <u>-Timing of Class Certification Motion_____</u>
    <u>-Whether Defendants may redact portions of documents for relevancy/scope</u>

___-Whether Plaintiffs may obtain discovery regarding non-parties___
___- Defendants will identify 10 priority custodians of ESI by 03/04/16____
_____

Dated: March 1, 2016            Respectfully submitted,

                          s/Shawn J. Wanta
                          Shawn J. Wanta, *pro hac vice*
Patricia A. Bloodgood, *pro hac vice*
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Fax: (612) 252-3571
sjwanta@baillonthome.com
pabloodgood@baillonthome.com

Susan E. Ellingstad, *pro hac vice*
Rachel A. Kitze Collins, *pro hac vice*
LOCKRIDGE GINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55402
Telephone: (612) 339-6900
Fax: (612) 339-0981
seellingstad@locklaw.com
rakitzecollins@locklaw.com

Ann Groninger
COPELEY JOHNSON GRONINGER PLLC
225 East Worthington Avenue
Charlotte, NC 28203
Telephone: (704) 200-2009
Fax: (888) 412-0421
ann@cjglawfirm.com

*Attorneys for Named Plaintiffs*

s/Lia A. Lesner
Lia A. Lesner
NC Bar No. 36895
Benjamin R. Holland
N.C. Bar No. 28580
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: (704) 342-2588
Fax: (704) 342-4379
lia.lesner@ogletreedeakins.com
ben.holland@ogletreedeakins.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2016, a copy of the foregoing disclosure was filed with the ECF system of the United States District Court for the Western District of North Carolina, which will give notice to the following counsel of record:

>Ann Groninger, Esq.
>COPELEY JOHNSON GRONINGER PLLC
>225 East Worthington Avenue
>Charlotte, North Carolina 28203
>(704) 200-2009
>Ann@cjglawfirm.com
>
>Shawn J. Wanta, Esq.
>Patricia A. Bloodgood, Esq.
>BAILLON THOME JOZWIAK & WANTA LLP
>100 South Fifth Street, Suite 1200
>Minneapolis, Minnesota 55402
>(612) 252-3570
>sjwanta@baillonthome.com
>pabloodgood@baillonthome.com
>
>Susan E. Ellingstad, Esq.
>Rachel A. Kitze Collins, Esq.
>LOCKRIDGE GRINDAL NAUEN P.L.L.P.
>100 Washington Avenue South, Suite 2200
>Minneapolis, Minnesota 55402
>(612) 339-6900
>seellingstad@locklaw.com
>rakitzecollins@locklaw.com

*Counsel for Plaintiffs*

>s/ Lia A. Lesner_____
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>201 South College Street, Suite 2300
>Charlotte, NC 28244
>Telephone: 704.342.2588
>Facsimile: 704.342.4379
>E-mail: lia.lesner@ogletreedeakins.com

*Attorneys for Defendants*