UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

BOBBY JO ROSINBAUM and
ROBERT WILLIAM MORGAN, JR.,
*individually and on behalf of all similarly
situated individuals*,

          Plaintiffs,

    v.

FLOWERS FOODS, INC., *and*
FRANKLIN BAKING CO., LLC,

          Defendants.

Civ. A. No. 7:16-cv-00233-FL

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER REQUIRING PARTIES TO SUBMIT AN AMENDED RULE 26(F) REPORT AND RENEWED MOTION TO STAY CONDITIONAL CERTIFICATION BRIEFING PENDING ENTRY OF RULE 16 SCHEDULING ORDER**

    Defendants Flowers Foods, Inc. and Franklin Baking Co., LLC (collectively, "Defendants") present this memorandum in support of their motion for an order requiring the Parties to submit an amended Rule 26(f) report and renewed motion to stay conditional certification briefing pending entry of a Rule 16 scheduling order. In support thereof, Defendants state as follows:

**BACKGROUND**

    On December 1, 2015, Plaintiffs filed this putative collective and class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and various state laws in the U.S. District Court for the Western District of North Carolina.

On February 29, 2016, shortly after filing their Answers and Affirmative Defenses, Defendants filed a Motion to Transfer Venue of this case to the Eastern District of North Carolina, Southern Division ("Motion to Transfer"). (Doc. 19).

On March 1, 2016, the Parties filed a Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan, identifying disagreement about whether discovery in this hybrid class and collective action should be bifurcated into phases so as to allow limited discovery on issues related to collective and class certification prior to discovery on the merits, damages, and decertification issues (if the case is conditionally certified). (Doc. 21).[1]

On March 7, 2016, Plaintiffs filed a Motion for Conditional Certification of Judicial Notice seeking Court approval of notice of the litigation to potential members of an FLSA opt-in class ("Motion for Conditional Certification"). (Doc. 22).

On March 16, 2016, Defendants filed a Consent Motion to Stay Briefing on Plaintiffs' Motion for Conditional Certification and to Toll Temporarily the Statute of Limitations for Putative FLSA Opt-In Plaintiffs ("Motion to Stay"). (Doc. 34). The Motion to Stay requested *inter alia* that the Court stay briefing and decision on Plaintiffs' Motion for Conditional Certification "***until such time as the Court has denied Defendants' Motion to Transfer Venue . . . or until a transferee Court has issued a Rule 16 scheduling order, whichever is later.***" (Doc. 34, p. 1). On March 21, 2016, the U.S. District Court for the Western District of North Carolina granted the Motion to Stay, but only stayed further briefing and decision on the

---

[1] Since the parties filed their Rule 26(f) report in this case on March 1, 2016, they have been able to reach a compromise agreement on this issue in *Carr v. Flowers Foods, Inc.*, No. 2:15-cv-6391-LS, a parallel case currently pending in the Eastern District of Pennsylvania. On the morning of this filing, Defendants proposed that the parties adopt the same (or substantially similar) compromise in this case, but have not yet heard back from Plaintiffs.

Motion for Conditional Certification "*until such time as this Court has ruled on Defendants' pending Motion to Transfer Venue*" ("Stay Order"). (Doc. 37, p. 1).

On June 8, 2016, the Western District granted the Motion to Transfer and ordered that the case be transferred "immediately" to the U.S. District Court for the Eastern District of North Carolina, Southern Division ("Transfer Order"). (Doc. 39). Under the terms of the Stay Order entered on March 21, 2016, the Transfer Order restarted the time period for Defendants to respond to Plaintiffs' Motion for Conditional Certification—even though the Western District did not decide whether to allow bifurcated discovery and never entered a conditional certification briefing schedule. The Western District also never convened a Rule 16 scheduling conference in this case, presumably because the Motion to Transfer was pending. Consequently, the Western District did not address whether Defendants would be permitted to engage in limited discovery prior to responding to Plaintiffs' Motion for Conditional Certification, and also did not establish a briefing schedule for Plaintiffs' Motion for Conditional Certification. On June 14, 2016, Defendants moved to stay briefing on Plaintiffs' Motion for Conditional Certification to preserve these issues for decision by the Eastern District of North Carolina. (Doc. 40).

On June 27, 2016, this case was transferred to the Eastern District (Doc. 41), and assigned to this Court (Doc. 42). On June 28, 2016, the case was redesignated a Southern Division case and given its current case number. (Doc. 43). The Western District did not rule on Defendants' Motion to Stay Briefing on Plaintiffs' Motion for Conditional Certification.

**ARGUMENT**

I. **The Court Should Order The Parties To Meet And Confer Regarding A New Rule 26(f) Discovery Plan.**

Since the Parties filed their Rule 26(f) report in this case on March 1, 2016, council have been able to reach a compromise on the issue of bifurcated discovery in the parallel case of *Carr*

3

*v. Flowers Foods, Inc.*, No. 2:15-cv-6391-LS (E.D. Pa.). On the morning of this filing, Defendants proposed to Plaintiffs that the parties adopt the same (or substantially similar) compromise in this case, but have not yet heard back. In light of the developments that have occurred since the Parties filed their original Rule 26(f) report in this case nearly four months ago, Defendants request that this Court order the Parties to meet and confer regarding the terms a revised Rule 26(f) joint discovery plan in this matter.

**II.     The Court Should Stay Briefing On Plaintiff's Motion For Conditional Certification Pending The Entry Of A Rule 16 Scheduling Order.**

District Courts have the inherent power to control their own dockets and stay proceedings. *Pressley v. Bird Brain, Inc.*, No. 1:13-cv-60, 2014 WL 793137, at *1 (W.D.N.C. Feb. 26, 2014) (unpublished) (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983); *Ford v. Exelis, Inc.*, No. 5:14-CV-33-FL, 2014 WL 2048182, at *3 (E.D.N.C. May 19, 2014) (Flanagan, J.) (unpublished) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Johnson v. Duke Energy Ret. Cash Balance Plan*, No. 1:13CV156, 2013WL 5462383, at *1 (M.D.N.C. Sep. 30, 2013) (unpublished).[2] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pressley*, 2014 WL 793137, at *1 (quoting *Landis*, 299 U.S. at 254); *see also Ford*, 2014 WL 2048182, at *3 (same).

Given the time required to determine the proper venue in this matter, the Court has not yet convened a scheduling conference to determine important procedural questions governing the progress of this case. Among other things, the Court has not yet set a briefing schedule on

---

[2] In accordance with Local Civil Rule 7.2(d), Defendants' cited unpublished decisions are furnished to the Court as <u>Appendix A</u>, submitted herewith.

4

Plaintiffs' motion for conditional certification and has not yet determined the extent to which the Parties may engage in discovery prior to, or during, the conditional certification briefing process.[3] Defendants will be substantially prejudiced if they are required to submit their opposition to Plaintiffs' motion for conditional certification before the Court has had any opportunity to consider whether the Parties should be permitted to engage in discovery in connection with that motion. Consequently, Defendants seek an order staying briefing on Plaintiffs' motion for conditional certification until such time as the Court enters a Rule 16 scheduling order or other order setting a briefing schedule on Plaintiffs' motion.

---

[3] Numerous courts in this judicial district and circuit have recognized the propriety of allowing the parties to conduct limited discovery prior to conditional certification briefing. *See, e.g.*, *Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-cv-448, 2015 WL 1964400, at *1 (E.D.N.C. May 1, 2015) (unpublished) ("The Scheduling Order, entered on 9 December 2014 and adopting with limited exceptions the parties' proposed Discovery Plan, provides for bifurcated discovery. . . . During 'Phase I Pre–Certification Discovery,' discovery is focused on whether the case is appropriate for collective and/or class action treatment."); *Solais v. Vesuvio's II Pizza & Grill, Inc.*, No. 1:15-cv-227, 2015 WL 6110859, at *1 (M.D.N.C. Oct. 16, 2015) (unpublished) (recognizing that the Court previously authorized via text order a 45-day period for limited discovery to include the depositions of the named plaintiff and opt-in plaintiff on the subject of factual issues raised in motion for conditional certification on FLSA and state-wage claims); *Rehberg*, No. 3:12-cv-596, Am. Certification and Report, Ct. Doc. No. 29 (W.D.N.C. Nov. 27, 2012) (unpublished) ("Defendants shall be entitled to limited discovery regarding issues relevant to conditional certification prior to filing their Response" including the deposition of three named Plaintiffs and three opt-ins of Defendants' choosing); *Long v. CPI Security Sys., Inc.*, No. 3:12-CV-396-RJC-DSC, Ct. Doc. No. 45, Order (W.D.N.C. Sep. 28, 2012) (unpublished) (granting defendant's motion to "enlarg[e] the time to respond to Plaintiff's Motion for Conditional Certification . . . and allowing Defendant to conduct limited discovery on the Named and Opt-in Plaintiffs"); *Slavinski v. Columbia Ass'n, Inc.*, 2011 WL 1310256, at *2 (D. Md. March 30, 2011) (unpublished) (recognizing both parties allowed to engage in written discovery and to take necessary depositions prior to ruling on conditional certification).
     Moreover, Plaintiffs' counsel has agreed to extended conditional certification briefing schedules in other cases they have brought against Defendant Flowers Foods, Inc., to allow Defendants to conduct some discovery from both named and opt-in Plaintiffs before filing their opposition to conditional certification. *See, e.g.*, *Rehberg v. Flowers Baking Co. of Jamestown*, 3:12-cv-00596-MOC-DSC (W.D.N.C.); *Noll v. LePage Bakeries*, 1:15-cv-00493 (D. Maine); *Carr v. Flowers Foods, Inc.*, 2:15-cv-06391-LS (E.D. Pa.); *Neff, et al. v. LePage Bakeries*, 5:15-cv-00254-gwc (D. Vt.); *Coyle v. Flowers Foods, Inc.*, 2:15-cv-01372-ESW (D. Ariz.).

This motion is not being submitted for any improper purpose or undue delay, and will not interfere with any other previously established deadlines in the case.

Plaintiffs have not given their consent to the relief sought in this motion. On June 13, 2016, Defendants requested that Plaintiffs renew their agreement to extend the stay for conditional certification briefing until this Court entered a Rule 16 scheduling order. Plaintiffs' counsel responded that the parties' original agreement was superseded by a court order, but they did not provide an answer as to whether they would renew their agreement. Additionally, as noted above, Defendants requested that Plaintiffs consent to submit an amended Rule 26(f) report, but have not yet received a response. Consequently, Defendants are treating this motion as opposed.

## CONCLUSION

WHEREFORE, Defendants request that this Court grant this motion; enter an order requiring the parties to meet and confer and submit an amended Rule 26(f) case management plan; stay further briefing on Plaintiffs' Motion for Conditional Certification until such time as the Court has entered a Rule 16 scheduling order or other order setting a briefing schedule on that motion; and provide such other relief as the Court deems proper and just.

Dated: June 29, 2016

Respectfully submitted,

/s/ Benjamin R. Holland
Benjamin R. Holland (N.C. Bar No. 28580)
Elizabeth R. Dangel (N.C. Bar No. 44331)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, N.C. 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: ben.holland@ogletreedeakins.com
E-mail: liz.dangel@ogletreedeakins.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2016, a copy of the foregoing was filed with the ECF system of the United States District Court for the Eastern District of North Carolina, which will give notice to the following counsel of record for Plaintiffs:

Ann Groninger, Esq.
COPELEY JOHNSON GRONINGER PLLC
225 East Worthington Avenue
Charlotte, North Carolina  28203
(704) 200-2009
Ann@cjglawfirm.com

Shawn J. Wanta, Esq.
Patricia A. Bloodgood, Esq.
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, Minnesota  55402
(612) 252-3570
sjwanta@baillonthome.com
pabloodgood@baillonthome.com

Susan E. Ellingstad, Esq.
Rachel A. Kitze Collins, Esq.
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota  55402
(612) 339-6900
seellingstad@locklaw.com
rakitzecollins@locklaw.com

Charles E. Schaffer, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500
cschaffer@lfsblaw.com

David M. Cialkowski, Esq.
J. Gordon Rudd, Jr., Esq.
ZIMMERMAN REED, LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
(612) 341-0400
gordon.rudd@zimmreed.com
david.cialkowski@zimmreed.com

/s/ Benjamin R. Holland
Benjamin R. Holland (N.C. Bar No. 28580)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, N.C.  28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: ben.holland@ogletreedeakins.com

*Counsel for Defendants*