IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-cv-00233-FL

BOBBY JO ROSINBAUM AND ROBERT
WILLIAM MORGAN, JR., individually and on
behalf of all similarly situated individuals,

                        Plaintiffs,

-v-

FLOWERS FOODS, INC. and FRANKLIN
BAKING COMPANY, LLC,

                        Defendants.

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO STAY
BRIEFING ON PLAINTIFFS' MOTION
FOR CONDITIONAL CERTIFICATION
PENDING RULE 16 SCHEDULING
ORDER BY TRANSFEREE COURT**

## I.    Introduction

Defendant's Motion for an order requiring the Parties to submit an amended Rule 26(f) report and renewed Motion to stay conditional certification briefing pending entry of a Rule 16 scheduling order must be denied because it's an unnecessary waste of judicial economy, and, without clear and convincing justification, places a substantial burden on protecting and preserving potential collective class members' rights. Additionally, the request for a Rule 26(f) conference is moot because the parties held a conference on July 12, 2016, during which the Plaintiffs learned that Defendants filed this motion.

## II.    Factual Background

Plaintiffs brought this putative class and collective action against Flowers Foods, Inc. ("Flowers") and Franklin Baking Company, LLC ("Franklin") (collectively "Defendants") on December 1, 2015 in the Western District of North Carolina alleging that Defendants misclassified their bakery distributor drivers ("Distributors") as independent contractors. Plaintiffs allege violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the North Carolina Wage

and Hour Act, N.C. Gen. Stat. §§ 95-25.1, et seq.; the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1; N.C. Admin. Code § 12.0205; and seek Declaratory Judgment pursuant to 28 U.S.C. § 2201 and N.C. Gen. Stat. § 1-253. This is one of 23 nearly identical cases pending throughout the United States, and one of six on which counsel for the parties are the same. Of those six cases, four were filed within weeks of each other and the fifth had an FLSA cause of action added in approximately the same time frame.

On February 19, 2016, the Parties conferred regarding discovery for this action and deadlines for filing motions, and on March 1, 2016, filed their Certification and Report of their Rule 26(f) conference and discovery plan. The Parties disagreed with respect to whether discovery should be bifurcated into (1) FLSA conditional certification discovery and discovery focusing on issues related to Rule 23 certification followed by (2) discovery on damages, merits, and decertification issues. To prevent needless delay, and excessive motion practice, Plaintiffs proposed that discovery should commence the day following the Parties' submission of their Certification and Report, during which, the Parties would brief FLSA conditional certification, while, at the same time, take discovery into all four causes of action. The primary rationale for this was to keep this case on a roughly similar schedule as the other five other cases with common counsel. Given the delay caused by transfer, this case is behind the others in all respects and so the benefit of the previous plan can no longer be realized.

Shortly before the Parties filed their Certification and Report, Defendants filed a motion to transfer venue, arguing that the bulk of evidence relevant to the case lies in the Eastern District of North Carolina, where Defendant Franklin is based.

On March 7, 2016, Plaintiffs filed their Motion for Conditional Certification in the Western District of North Carolina seeking authorization for this case to proceed as a collective action, the

2

issuance of Plaintiffs' proposed notice to be mailed to all potential opt-in Plaintiffs, and the identification of all Distributors who worked for Defendants during the proposed class period. Upon Defendants' request and Plaintiffs' certification that they would not oppose the request, on March 21, 2016, the U.S. District Court for the Western District of North Carolina issued an order that stayed briefing and decision on Plaintiffs' motion for class certification until the court ruled on Defendants' then pending motion to transfer venue. Additionally, the court tolled the statute of limitations under the FLSA for putative opt-in plaintiffs from the date Plaintiffs filed their Motion for conditional certification until the court ruled on Defendants' motion to transfer venue.

On June 8, 2016, the court granted Defendants' motion to transfer after finding that potential witnesses and the location of evidence favored transfer to the Eastern District of North Carolina. On June 14, 2016, Defendants' moved to stay briefing on Plaintiffs' Motion for conditional certification. Before Plaintiffs could respond to their June 14th motion to stay briefing, Defendants filed another motion to stay briefing on Plaintiffs' pending motion for conditional certification without serving Plaintiffs with either a hard or electronic copy. Recognizing that Defendants' June 29, 2016 motion was in some part duplicative of their June 14, 2016 motion to stay briefing, this Court ordered the clerk to terminate Defendants' June 14th motion and expedited Plaintiffs' time to respond to Defendants' June 29, 2016 motion to stay the briefing on Plaintiffs' pending motion for conditional certification.

On July 12, 2016, the Parties met and conferred again. At the Parties July 12th Rule 26(f) conference, Plaintiffs' counsel first received notice of Defendants' June 29th motion because Plaintiffs' counsel were not ECF participants at the time and Defendants did not serve Plaintiffs' counsel by U.S. Mail. Plaintiffs' counsel immediately requested that Defendants withdraw this motion and refile so that Plaintiffs could have time to respond. Defendants' counsel declined.

3

Plaintiffs then moved for an extension of time to respond. This Court granted Plaintiffs' Motion, and this response follows.

### III. Argument

**A. Defendants have failed to provide any justification for this Court to Order the parties to meet and confer again regarding discovery. Defendants' Motion is Moot, as the parties have already met and conferred regarding discovery on July 12, 2016.**

The parties met and conferred on July 12, 2016 regarding filing an amended Rule 26(f) report. While there are currently areas of disagreement, counsel continue to work to resolve or narrow the areas of dispute. The parties intend to submit an amended Rule 26(f) report within 14 days of this filing.

**B. Defendants' Motion to Stay fails to provide a clear and convincing justification for this Court to grant Defendants' Motion to stay. Granting Defendants' Motion to stay will needlessly delay the just, and efficient resolution of this case and will undoubtedly prejudice potential members of the putative class, whose claims are being extinguished due to the running of the statute of limitation.**

Although it is well recognized that district courts have the inherent power to stay proceedings under their general equity powers and in the interest of efficient management of their dockets, this power is not without limitation. *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983). In determining whether a stay is warranted the court must weigh the competing interests to maintain an even balance. *Landis v. North Am. Co.*, 299 U.S. 259, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford*, 715 F.2d at 127. The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. *Id.* (citing *Landis*, 299 U.S. at 254–255).

### 1. Defendants fail to state a clear and convincing justification for this Court to stay these proceedings.

Defendants' Motion provides nothing more than the baseless assertion that they will be substantially prejudiced absent an order from this Court staying briefing on Plaintiffs' Motion for conditional certification, which has now been pending without response for more than four months. In their memorandum in support, Defendants do not identify a single realistic harm that would result from complying with the Federal Rules of Civil Procedure and submitting an opposition to Plaintiffs' motion for conditional certification before the Court has issued an order regarding the Parties ability to engage in discovery. To be clear, Defendants' supposed need for a stay is purely hypothetical, grossly mischaracterizes the cases it relies on in support, and fails to meet the clear and convincing burden to justify an order from this Court to stay proceedings.

At the outset, it is important to consider the nature of the motion to which a party is seeking to avoid making a timely response. Here, the motion is Plaintiffs' motion conditional certification of an FLSA collective action. Courts in the Fourth Circuit, follow a two-step approach when deciding whether plaintiffs are similarly situated for the purpose of certifying a collective action. *See Long v. CPI Sec. Systems, Inc.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013). First, the court determines whether the putative class members' claims are sufficiently similar are sufficiently similar to warrant sending notice of the action to possible members of the class. If they are, notice is sent and new plaintiffs are permitted to "opt-in" to the law suit. Second, after discovery is largely complete and more information on the case is available, the court makes a final determination as to whether all plaintiffs are sufficiently similar to proceed together in a single action. *See id.* at 298-99; *Adams v. Citicorp Credit Services, Inc.*, 93 F.Supp. 3d 441 at 452-53 (M.D.N.C. 2015) (citations omitted).

Federal courts in North Carolina consistently hold that at the first stage, known as the "notice stage," the similarly situated requirement is relatively modest because the court is making a decision based on the minimal record before it. *See Long*, 292 F.R.D. at 298, *see also Adams*, 93 F.Supp. 3d at 453; *Zelaya v. A+ Tires, Brakes, Lubes, and Mufflers*, No. 5:13-cv-801-F, 2015 WL 5703569, at *3 (E.D.N.C. Sept. 28, 2015). At this stage, the court asks only whether plaintiffs have made substantial allegations that the putative class members were together the victims of a single decision, policy or plan. *See Romero v. Mountaire Farms, Inc.*, 796 F.Supp.2d 700, 705 (E.D.N.C. 2011) ("Consistent with the underlying purpose of the FLSA's collective action procedure, this initial inquiry proceeds under a 'fairly lenient standard' and requires only 'minimal evidence.'") (citing *Choimbol v. Fairfield Resorts, Inc.*, 475 F.Supp.2d 557, at 562 (E.D. Va. 2006)). Importantly, the plaintiffs' situations need not be identical, and at this stage of the litigation, individual differences as to time actually worked, wages actually due and hours involved are not germane to the Court's decision. *See De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc.*, 338 F.Supp. 2d 649, 654 (E.D.N.C. 2004) (citations omitted). "The primary focus in this inquiry is whether the potential plaintiffs are 'similarly situated with respect to the legal, and to a lesser extent, the factual issues to be determined.'" *Long* 292 F.R.D. at 298-299; *see also Essame v. SSC Laurel Operating Co.*, 847 F. Supp. 2d 821 at 826 (a fact-intensive inquiry "delves too deeply into the merits of the dispute; such a steep plunge is inappropriate for such an early stage of a FLSA collective action); *McLaurin v. Prestage Foods, Inc.* 271 F.R.D. 465, 470 (E.D.N.C. 2010) ("[C]ourts have routinely recognized that where an employer has a common practice of failing to pay employees for all hours worked, factual distinctions of the type claimed by [defendant] provide no basis to deny initial certification of a collective action under the FLSA."); *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560 n.10 (D. Md. 2012) ("The crux of

6

the similarly situated analysis is not quantitative; rather, it focuses on whether plaintiffs have demonstrated by affidavits or other means that a common policy, plan, or scheme to violate the FLSA exists.").

Defendants do not identify any real or particularized prejudice that would result absent a stay of proceedings, and instead rely on the erroneous presumption that because it has been done elsewhere, it must be done here.  However, the caselaw cited by Defendants does not even come remotely close to recognizing the propriety of allowing parties to conduct limited discovery prior to conditional certification briefing, and instead favors denying Defendants' motion in its entirety and requiring Defendants to respond to Plaintiffs' motion for class certification without the need for a scheduling order from this Court.  Defendants' reliance on the case management plan in *Rehberg v. Fowers Foods*, fails to note that some of the order was negotiated between the parties. *Rehberg v. Fowers Foods,* No. 3:12-cv-596, Am. Certification and Report, Ct. Doc. No. 29 (W.D.N.C. Nov. 27, 2012) (unpublished).  Furthermore, Defendants fail to acknowledge that the extensive discovery that Defendants' had sought and used to oppose conditional certification in *Rehberg,* had absolutely zero effect on the court's decision to grant the plaintiffs' motion for conditional certification.  *See, Rehberg v. Fowers Foods,* No. 3:12-cv-596, Order, Ct. Doc. No. 38 (W.D.N.C. Mar. 22, 2013) (unpublished).  Given Plaintiffs' experience in the earlier case, they are unwilling to make the same agreement in this matter because it led to protracted discovery with many discovery disputes and ultimately yielded no benefit.  The frustrations experienced because of the unnecessary disputes and extensive delays in litigation were undoubtedly shared by the parties in the cases that permitted bifurcated discovery cited to and relied on by Defendants.  As such, delaying the just and efficient resolution of Plaintiffs' Motion for conditional certification to

permit a period of early discovery would be futile and prejudice Plaintiffs and potential members of the putative class.

In *Valeasquez Martinez,* the court was concerned with whether to permit plaintiffs to obtain discovery of the contact information for putative class members prior to conditional certification. Though the parties had agreed to bifurcate discovery, with the first phase focused on whether the case was appropriate for class and collective certification, and the second phase focusing on the merits of the remaining claims or defenses after the class is certified, the opinion cited by Defendants highlights the inefficiencies of bifurcated discovery and the fairly lenient burden required for conditional certification. The plaintiffs had requested the contact information for putative class members prior to the conditional certification of the case, arguing that the information was necessary to establish that the case should be certified under the FLSA. The court disagreed, and found that absent a showing of a particularized need, the requested information was unjustified, given the fairly low burden of establishing conditional certification is appropriate. Here, Defendants' point to no particularized need for this Court to issue an order setting discovery and briefing deadlines before responding to Plaintiffs' motion for conditional certification.

In *Solais v. Vesuvio's II Pizza & Grill, Inc.*, the court was confronted with a motion to compel answers to deposition questions that the plaintiff's counsel had objected to for being outside the scope of the discovery order limiting discovery to plaintiffs' motion for conditional certification. After the plaintiff filed her motion for conditional certification, the defendants requested a short period to conduct discovery on the issue of conditional certification. The court, after hearing argument from counsel, authorized a forty-five (45) day period for limited discovery pertaining to the named Plaintiff and the only opt-in plaintiff on the subject of factual issues raised by the motion for conditional certification. During the deposition of the named plaintiff, plaintiff's

8

counsel objected to several questions, and instructed the plaintiff not to answer as those questions were outside the scope of the court's order. In denying the defendants' motion to compel answers to deposition questions, the court emphasized that "when evaluating conditional certification, the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility findings." *Id.* a *3 (citation omitted). The questions defendants sought to be answered were described by the defendants as standard questions related to background and credibility, which included questions on the plaintiffs' family, marital status, birthplaces, employment and educational histories, whether the plaintiff opted-in to the lawsuit, the plaintiff's criminal history, and whether the plaintiff had told the truth to defendants or made prior claims related to wages. The court found that none of these questions were relevant at the conditional certification stage and that the burden or expense of obtaining the requested information outweighed its usefulness. The defendants had also moved to compel answers to deposition questions relating to the validity of signatures on checks and other documents purportedly signed by plaintiff. The court rejected defendants' argument and found that these issues, as with the questions on background and credibility, were premature because the court cannot resolve factual disputes at the conditional certification stage.

Defendants' also point to an Order issued by Magistrate Judge David S. Cayer in *Long,* authorizing limited discovery on the issue of conditional certification and granting defendants in that action an enlarged period of time to respond. *Long v. CPI Security Sys., Inc.,* No. 3:12-cv-396-RJC-DSC, Ct. Doc. No. 45, Order (W.D.N.C. Sep. 28, 2012) (unpublished).[1] However,

---

[1] The parties in *Long* had filed a Certification of Initial Attorneys' Conference, in which they reported to the court that they could not reach an agreement as to the proposed discovery plan for the case. *See, Long,* 292 F.R.D. at 297–298. The defendant sought a bifurcated discovery plan, which envisioned a "notice phase" and a "merits phase" of discovery. The plaintiff opposed the bifurcated plan, and sought to limit the defendant's deposition hours. The defendant had disagreed,

Defendants fail to address the circumstances surrounding the order and the order itself provides no indication of what the court's rationale was for granting the extension of time for precertification discovery. *Id.* Defendants in that case had sought a period of sixty days to respond to the plaintiffs motion for conditional certification so that the defendants could depose the Plaintiff and the nine opt-in plaintiffs, arguing that their testimony is highly relevant to whether the case was suitable for conditional certification as a collective action under the FLSA. *See Long,* 292 F.R.D at 297-298 (discussing factual history of litigation). The plaintiffs had opposed the motion, in part because of the lenient standard applied to motions for conditional certification. *Id.* During the limited precertification discovery phase authorized by Magistrate Judge Cayer, the defendants took a total of seven depositions. *Id.* None of these depositions were relevant to the Court's decision to grant conditional certification.

As emphasized by then Chief Judge Conrad in *Long v. CPI Security Sys., Inc.,* 292 F.R.D. at 297-298, when ruling on the plaintiff's motion for conditional certification, the arguments put forward by the defendants supported by its precertification discovery were inappropriate at the conditional certification stage of an FLSA collective action because they address the merits and factual distinctions that are insufficient to preclude class certification. *Id.* Although the defendants had argued that because some discovery had taken place the court should apply a heightened intermediate standard in deciding conditional certification, Judge Conrad rejected this argument because the weight of Fourth Circuit authority was in favor of the traditional two-stage approach,

---

emphasizing that it was "committed to taking *only that discovery permitted by the Magistrate Judge* to adequately respond to the plaintiff's motion for conditional certification and stating it would not address the merits issues during the depositions. *Id.* The parties further disagreed as to nearly every discovery limit addressed in the scheduling order. In light of the complete disagreement between the parties and, finding that a discovery order was unnecessary at the conditional certification stage of the litigation, the court stayed the issuance of a scheduling order pending a decision on the plaintiff's motion for conditional certification. *See id.*, n.2

10

and because the court was concerned with injecting the flexibility of a sliding scale in which the court would calibrate the standard to the quantum (or perhaps quality) of already conducted discovery—and by extension uncertainty—into the remedial scheme that § 216(b) contemplates. *Id.*

Finally, in *Slavinski v. Columbia Association*, the court had ordered limited discovery prior to a decision on conditional certification only after the court had denied, without prejudice, the plaintiff's first motion for conditional certification. And, discovery was authorized only for the limited purpose of permitting the plaintiff to discover (1) evidence that would clarify her exempt or non-exempt status under the FLSA; (2) evidence related to the number and exempt or non-exempt status of employees performing similar functions; and (3) evidence related to the plaintiffs' termination, where the plaintiff had also alleged a claim for retaliation. In support of her first (and second) motion for conditional certification, the plaintiff had submitted a lone affidavit that left it unclear whether there existed other employees similarly situated. Troubled by the insufficiency of a single affidavit in support of a motion for conditional certification, the court had granted the plaintiff a limited period of discovery to allow the plaintiff to provide the requisite factual showing of her claims necessary to grant conditional certification.

> **2. The unsubstantiated prejudice alleged in Defendants' Motion to stay fails to outweigh the substantial prejudice already being suffered by members of the potential putative class and the prejudice resulting from any needless delay in the proceedings.**

Delaying this action, for the purposes of conducting discovery prior to briefing the issue of conditional certification prejudices potential putative class members whose claims are being extinguished each day by the statute of limitations of the FLSA. The Western District had only tolled the statute of limitations under the FLSA for putative class members until the court ruled on Defendants' motion to transfer venue. Now that the case has been transferred, the statute of

11

limitations is running and the claims of potential opt-in Plaintiffs are being extinguished or diminished. Each day that passes without these individuals filing their notice of consent provides a windfall to Defendants in the form of Plaintiffs; uncompensated hours. Prompt notice to the potential collective class members is critical to preserving and protecting their rights under the FLSA and Defendants' Motion to stay will undoubtedly prejudice Plaintiffs' ability to protect their rights.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Stay should be denied in its entirety and Defendants should respond to Plaintiffs' pending motion for conditional certification. Defendants have failed to identify a single reason to justify delaying the just, and efficient resolution of this matter and have failed to provide a clear and convincing justification to cause further prejudice to potential members of the putative class whose claims are being extinguished or diminished as each day passes without these individuals filing their notice of consent. As the cases Defendants relied on illustrate, the absence of discovery has absolutely no realistic impact on whether Plaintiffs have met the fairly low burden of establishing conditional certification is appropriate, and the bifurcation of discovery into "notice" and "merits" stages leads to excessive motion practice and unnecessary delays in the proceedings.

This 20th day of July 2016.                    Respectfully submitted,

 /s/Shawn J. Wanta
Shawn J. Wanta
MN State Bar No. 389164
Christopher D. Jozwiak
MN State Bar No. 386797
BAILLON THOME
JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, Minnesota 55402
Telephone: (612) 252-3570
Fax: (612) 252-3571
Email: sjwanta@baillonthome.com
Email: cdjozwiak@baillonthome.com
LR 83.1 Counsel

Leto Copeley
NC State Bar No. 12624
COPELEY JOHNSON & GRONINGER PLLC
300 Blackwell Street, Suite 101
Durham, NC 27701
Telephone: (919) 240-4054
Fax: (888) 412-0421
Email: leto@cjglawfirm.com

Charles E. Schaffer
PA State Bar No. 76259
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street
Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Fax: (215) 592-4663
Email: cschaffer@lfsblaw.com
LR 83.1 Counsel

*Attorneys for Named Plaintiffs*

Susan E. Ellingstad
MN State Bar No. 243346
Brian D. Clark
MN State Bar No. 390069
Rachel A. Kitze Collins
MN State Bar No. 396555
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 339-6900
Fax: (612) 339-0981
Email: seellingstad@locklaw.com
Email: bdclark@locklaw.com
Email: rkitzecollins@locklaw.com
LR 83.1 Counsel

J. Gordon Rudd, Jr.
MN State Bar No. 222082
David Cialkowski
MN State Bar No. 306526
ZIMMERMAN REED PLLP
111 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 341-0400
Fax: (612) 341-0844
Email: Gordon.Rudd@zimmreed.com
Email: David.Cialkowski@zimmreed.com
LR 83.1 Counsel

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin R. Holland
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Email: ben.holland@ogletreedeakins.com

Elizabeth R. Dangel
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Email: liz.dangel@ogletreedeakins.com
Michael J. Murphy
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
michael.murphy@ogletreedeakins.com

Christopher E. Humber
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
chris.humber@ogletreedeakins.com


I further certify that I have mailed the document to the following non CM/ECF participant:

Lia A. Lesner
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244

/s/Shawn J. Wanta
Shawn J. Wanta