**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**

| | |
|---|---|
| BOBBY JO ROSINBAUM and<br>ROBERT WILLIAM MORGAN, JR.,<br>*individually and on behalf of all similarly*<br>*situated individuals*,<br><br>    Plaintiffs,<br><br>  v.<br><br>FLOWERS FOODS, INC., *and*<br>FRANKLIN BAKING CO., LLC,<br><br>    Defendants. | Civ. A. No. 7:16-cv-00233-FL |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER REQUIRING
PARTIES TO SUBMIT AN AMENDED RULE 26(F) REPORT AND RENEWED
MOTION TO STAY CONDITIONAL CERTIFICATION BRIEFING
PENDING ENTRY OF RULE 16 SCHEDULING ORDER**

Defendants Flowers Foods, Inc. and Franklin Baking Co., LLC (collectively, "Defendants") present this reply in support of their motion for an order requiring the Parties to submit an amended Rule 26(f) report and renewed motion to stay conditional certification briefing pending entry of a Rule 16 scheduling order.[1]

**I. Plaintiffs Misstate The Issue Before The Court.**

Plaintiffs devote most of their brief to arguing that Defendants should not be permitted to take any discovery in connection with their opposition to conditional certification. This issue is not currently before the Court. The only issue is whether Defendants should be required to

---

[1] Defendants understand that this is a non-discovery motion for which replies are discouraged, but allowed, under Local Rule 7.1(f). On the morning of July 22, 2016, Defendants received a docket notice indicating that this motion had been submitted to Judge Flanagan for decision. Defendants promptly contacted the Clerk's Office to inquire whether this notice should be construed to preclude Defendants from filing a reply, and Defendants have not yet received an answer.

respond to Plaintiffs' motion for conditional certification before there is a Rule 16 scheduling order. The Federal Rules contemplate that litigants should address significant case management issues (including discovery and important briefing deadlines) in the context of a Rule 26(f) conference, bringing any unresolved issues to the Court for resolution in a Rule 16 scheduling conference. Here, that process has not yet run its course. The parties agree that an amended Rule 26(f) report is necessary in this case, and those discussions are currently in progress.[2] Given the enormous significance of conditional certification in FLSA litigation process, the Court should allow the parties to resolve their disagreements regarding conditional certification briefing and discovery within the orderly process contemplated by the Federal Rules of Civil Procedure, rather than through procedural happenstance resulting from the change in venue.

## II.    Plaintiffs Misstate The Prejudice That They Would Incur From A Stay.

Plaintiffs argue that a stay of conditional certification briefing until after the issuance of a scheduling order "prejudices potential putative class members whose claims are being extinguished each day by the statute of limitations under the FLSA." Doc. 63, p. 11. Plaintiffs fail to mention that Defendants expressly offered to toll the statute of limitations for putative opt-ins in connection with a stay of conditional certification briefing until after entry of a case management order. Specifically, on June 29, 2016, Defendants proposed that the parties adopt a compromise case management plan similar to that which they entered in a parallel case in the Eastern District of Pennsylvania. In relevant part, that proposal stated as follows:

> Additionally, as part of this compromise, defendants would agree to extend the tolling period on the FLSA statute of limitations in Rosinbaum (which currently is running) until the conclusion of briefing on plaintiffs' motion for conditional

---

[2] Plaintiffs represent that the "[t]he parties intend to submit an amended Rule 26(f) report within 14 days of this filing." Doc. 63, p. 4. Although Defendants do not believe there have been any discussions regarding the timing of an amended Rule 26(f) report, Defendants agree that the parties should be able to submit such a report within fourteen days.

2

certification—that is, continue the tolling period from the date when the Western District [of North Carolina] entered the transfer order until the plaintiffs file their reply in support of the motion for conditional certification.

Email correspondence from C. Humber to Plaintiffs' counsel (June 29, 2016), attached as Exhibit A. Plaintiffs rejected that proposal. Plaintiffs cannot reasonably oppose this motion on the basis of prejudice that Defendants expressly offered to cure, and remain willing to cure.

For these reasons, Defendants request that this Court enter an order requiring the parties to submit an amended Rule 26(f) case management plan within fourteen days, and staying further briefing on Plaintiffs' Motion for Conditional Certification until such time as the Court has entered a Rule 16 scheduling order.

Dated: July 22, 2016

Respectfully submitted,

/s/ Benjamin R. Holland
Benjamin R. Holland (N.C. Bar No. 28580)
Elizabeth R. Dangel (N.C. Bar No. 44331)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, N.C. 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: ben.holland@ogletreedeakins.com
E-mail: liz.dangel@ogletreedeakins.com
*Counsel for Defendants*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2016, a copy of the foregoing was filed with the ECF system of the United States District Court for the Eastern District of North Carolina, which will give notice to the following counsel of record for Plaintiffs:

Ann Groninger, Esq.
COPELEY JOHNSON GRONINGER PLLC
225 East Worthington Avenue
Charlotte, North Carolina 28203
(704) 200-2009
Ann@cjglawfirm.com

Shawn J. Wanta, Esq.
Patricia A. Bloodgood, Esq.
BAILLON THOME JOZWIAK & WANTA LLP
100 South Fifth Street, Suite 1200
Minneapolis, Minnesota 55402
(612) 252-3570
sjwanta@baillonthome.com
pabloodgood@baillonthome.com

Susan E. Ellingstad, Esq.
Rachel A. Kitze Collins, Esq.
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55402
(612) 339-6900
seellingstad@locklaw.com
rakitzecollins@locklaw.com

Charles E. Schaffer
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500
cschaffer@lfsblaw.com

David M. Cialkowski
J. Gordon Rudd, Jr.
ZIMMERMAN REED, LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
(612) 341-0400
gordon.rudd@zimmreed.com
david.cialkowski@zimmreed.com

/s/ Benjamin R. Holland
Benjamin R. Holland (N.C. Bar No. 28580)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, N.C. 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
E-mail: liz.dangel@ogletreedeakins.com

*Counsel for Defendants*

4