IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:16-CV-233-FL

| | | |
|---|---|---|
| BOBBY JO ROSINBAUM and ROBERT | ) | |
| WILLIAM MORGAN, JR., individually | ) | |
| and on behalf of all similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CASE MANAGEMENT |
| v. | ) | ORDER |
| | ) | |
| FLOWERS FOODS, INC. and FRANKLIN | ) | |
| BAKING COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Federal Rule of Civil Procedure 16 and upon request of the parties, on August 11, 2016, this court held a telephonic pretrial conference to review the parties' joint Rule 26(f) Report and Plan, filed August 5, 2015. [DE-68]. At the conference Plaintiffs appeared through counsel Susan E. Ellingstad, and Defendants appeared through counsel Christopher Humber. After having heard from the parties and having reviewed the parties' joint report and plan, the court orders the following:

## I. Discovery

A.    The parties shall have already exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

B.    Discovery will be necessary on the claims of Plaintiffs and defenses asserted by Defendants.

C.    The parties have agreed that all fact discovery may commence upon entry of the Case Management Order.

D. All fact discovery shall be commenced or served in time to be completed by **May 31, 2017, or 90 days following the closure of any notice period for putative FLSA opt-in plaintiffs, if the court conditionally certifies a collective action, whichever is later.**

E. The parties are in the process of negotiating an ESI discovery protocol similar to ones used by the parties in similar litigation, which shall reflect agreement on particular search terms, the search scope of email, and the number of ESI custodians. By **August 26, 2016** the parties shall report to the court regarding a proposed ESI protocol.

F. Named plaintiffs, as a whole, and defendants, as a whole, shall each be allowed to serve a total of 25 interrogatories, including all discrete subparts, to each other. Responses are due 45 days after service of those interrogatories.

G. Named plaintiffs, as a whole, and defendants, as a whole, shall each be allowed to serve a total of 50 requests for admissions to each other. Responses are due 45 days after service of those requests for admissions.

H. Named plaintiffs, as a whole, and defendants, as a whole, shall each be allowed to take a total of 15 depositions.

I. Each deposition shall be limited to 7 hours, unless otherwise agreed by the parties.

J. If the court enters an order conditionally certifying an FLSA collective action and after the opt-in period has expired, the parties will confer regarding the timing and scope of discovery of any additional opt-in plaintiffs that may be necessary and will seek guidance from the court if they are unable to reach an agreement on this

2

matter.

K.      Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including

reports from retained experts, shall be served by Plaintiffs by **30 days** after the

close of fact discovery. Defendants shall serve such disclosures by **30 days** after

Plaintiffs' deadline to disclose expert witnesses. The parties shall serve rebuttal

expert reports within 30 days after Defendants serve their initial expert reports or

21 days after the deposition of the proffered expert witness, whichever is later.

**Expert discovery must be completed by 30 days after the parties serve their**

**rebuttal expert reports.**

L.      The parties shall serve any objections to such disclosures, other than objections

pursuant to Federal Rules of Evidence 702, 703, or 705, *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526

U.S. 137 (1999) or similar case law, **within 14 days** after service of the

disclosures upon them. These objections should be confined to technical

objections related to the sufficiency of the written expert disclosures (e.g.,

whether all of the information required by Rule 26(a)(2) has been provided, such

as lists of prior testimony and publications). These objections need not extend to

the admissibility of the expert's proposed testimony. If such technical objections

are served, counsel shall confer or make a reasonable effort to confer before filing

any motion based on those objections.

M.      Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall

be served at such times and under such circumstances as required by that rule. In

3

addition, such supplemental disclosures shall be served by **40 days before the deadline for completion of all discovery.** The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures 40 days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

N.     To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

O.     Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order,

4

the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

1.    A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

2.    Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the

5

material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

4. The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

6

## II. Motions

A. Defendants shall file their response to Plaintiffs' motion for conditional certification under 29 U.S.C. § 216(b) within **45 days** of the entry of this Case Management Order; Plaintiffs may file their reply brief within **21 days** after filing of Defendants' response.

B. Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

C. Any motion for leave to join additional parties shall be filed by **90 days** after the close of the opt-in period if this Court grants conditional certification of the FLSA collective action, or **90 days** after this Court denies the plaintiffs' Motion for Conditional Certification. Any motion for leave to amend the pleadings shall be filed by **120 days** after the close of the opt-in period if this Court grants conditional certification of the FLSA collective action, or **120 days** after this Court denies the plaintiffs' Motion for Conditional Certification.

D. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager, at (252) 638-8534. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in

7

discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

E. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

F. Plaintiffs' motion for Rule 23 class certification and Defendants' motion for decertification of any conditionally-certified FLSA collective action shall be filed within **60 days** after the close of discovery or **90 days** after the close of the FLSA notice period, whichever is later.

G. All potentially dispositive motions shall be filed by **45 days after the court rules on Plaintiffs' Rule 23 class certification motion**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed by

8

the deadline set for dispositive motions.

### III. Alternative Dispute Resolution ("ADR")

A.    A settlement procedure is required in virtually every case, to be conducted before
       the close of discovery if the case is automatically selected for mediation pursuant
       to Local Alternative Dispute Rule 101.1a(b), or before the final pretrial
       conference if not automatically selected.

B.    This case has been automatically selected for mediation. Reference is made to
       Local Alternative Dispute Rule 101.1 *et seq.* for required deadlines.

C.    If at any time a settlement is reached, it shall be reported immediately to this
       court. The parties shall refer to Local Alternative Dispute Rule 101.1e for their
       specific obligations.

### IV. Pretrial and Trial Scheduling

After the court has ruled on any dispositive motion(s), the court will enter a scheduling
order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a
showing of good cause, and all requirements set forth in the court's Local Civil Rules governing
pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED the 19th day of August 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

9