# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

BOBBY JO ROSINBAUM and
ROBERT WILLIAM MORGAN, JR.,
*individually and on behalf of all similarly situated individuals*,

Plaintiffs,

v.

FLOWERS FOODS, INC., *and*
FRANKLIN BAKING CO., LLC,

Defendants.

Civ. A. No. 7:16-cv-00233-FL

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO SEAL EXHIBITS**

THIS MATTER IS BEFORE THE COURT on Defendants Flowers Foods, Inc., and Franklin Baking Co., LLC's Unopposed Motion to Seal Exhibits (Doc. 123). Defendants have asked this Court to seal ten (10) exhibits provisionally filed under seal by Plaintiffs in connection with their Reply in Support of Motion for Class Certification and Judicial Notice (Doc. 103) and their Motion to Compel the Production of Documents (Doc. 108). Plaintiffs have represented that they do not oppose the Motion.

The Court notes at the outset that, because Plaintiffs have not submitted these exhibits in connection with a dispositive motion, the First Amendment right of public access does not apply. *See In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. Sept. 13, 1995) (table). As such, these exhibits "are subject to a common law right of access by the public." *Boykin Anchor Co. v. Wong*, Civ. No. No. 5:10-cv-00591-FL, 2013 U.S. Dist. LEXIS 63345, at *2 (E.D.N.C. May 3, 2013) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988)).

The common-law right of access to court documents may be overcome when "'countervailing interests heavily outweigh the public interest in access.'" *Boykin Anchor*, at *2

(quoting *Va. Dep't of State Police v. The Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). One such countervailing interest sufficient to overcome the common-law right of access is a party's right to protect confidential business information. *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) ("[T]he need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents."); *see also*, *e.g.*, Morris v. Cumberland Cnty. Hosp. Sys., Inc., No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) (observing that "the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances")). Confidential business information such as "business techniques, the identification of [] customers, and [] finances," is "properly subject to protection." *360 Mortgage Group*, at *1.

In applying the less-stringent standard under the common-law right of access, the Court has carefully considered the prerequisites for a motion to seal as set forth in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984), and *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 179–80 (4th Cir. 1988), and concludes that the Defendants have satisfied the necessary requirements. The public has been provided notice of the request to seal and interested parties were allowed a reasonable opportunity to object. Plaintiffs publicly filed their Proposed Sealed Exhibits on the docket, and Defendants' motion to seal and memorandum in support were also publicly filed.

Upon review of the Proposed Sealed Exhibits and Defendants' motion to seal, the Court concludes that the exhibits contain confidential business, commercial, and strategic internal information of Defendant Flowers Foods, Inc., and its affiliated bakeries, which are also subject

to protective orders in the United States District Courts for the District of Arizona and Eastern District of Pennsylvania. The interest in protecting this confidential information is sufficient to outweigh the public right to access. The Court therefore concludes that these exhibits should be filed under seal, and finds that no less drastic alternatives exist.

For the foregoing reasons, Defendants' Unopposed Motion to Seal is GRANTED, and the Court concludes that the following exhibits should be maintained under seal: Exhibits 1, 2, 3, 4, 5, and 19 to Plaintiffs' Reply in Support of Motion for Class Certification and Judicial Notice, and Exhibits 2, 3, 4, and 5 to Plaintiffs' Motion to Compel Production of Documents.

The clerk of court is directed to maintain as sealed the following Docket Entries: (Doc. 107); (Doc. 107-1); (Doc. 107-2); (Doc. 107-3); (Doc. 107-4); (Doc. 107-5); (Doc. 109); (Doc. 109-1); (Doc. 109-2); (Doc. 109-3).

SO ORDERED, this 23rd day of January, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge