# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA

BOBBY JO ROSINBAUM and
ROBERT WILLIAM MORGAN, JR.,
*individually and on behalf of all similarly
situated individuals*,

        Plaintiffs,

v.

FLOWERS FOODS, INC., *and*
FRANKLIN BAKING CO., LLC,

        Defendants.

Civ. A. No. 7:16-cv-00233-FL

**CLASS AND COLLECTIVE ACTION
SETTLEMENT AGREEMENT AND
RELEASE**

        Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure and § 216(b) of the Fair Labor Standards Act ("FLSA"), this Class and Collective Action Settlement Agreement and Release ("Settlement Agreement"), including the attached Exhibits, is entered into between: (a) Named Plaintiffs Bobby Jo Rosinbaum and Robert William Morgan, Jr. (collectively referred to as "Class Representatives," "Plaintiffs," or "Named Plaintiffs"), on behalf of themselves and any business entities through which they operated, and on behalf of each of the Settlement Class Members; and (b) Flowers Foods, Inc. ("Flowers Foods") and Franklin Baking Co., LLC. ("Franklin") (collectively, "Defendants").[1] As provided below, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the Settlement Effective Date, this Action shall be settled and compromised upon the terms and conditions set forth in this Settlement Agreement and will be dismissed with prejudice. This Settlement Agreement is intended by the Parties to fully and finally compromise, resolve, discharge, release, and settle the Released Claims and to dismiss this Action

---

[1] Capitalized terms used herein are defined in Section 3 below.

with prejudice, subject to the Court's approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

NOW, THEREFORE, this Settlement Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that upon the Settlement Effective Date: (1) the Action shall be settled and compromised as between the Parties, and (2) the Proposed Final Approval Order and Judgment, in a form to be submitted by the Parties in connection with final approval, shall be entered dismissing the Action with prejudice releasing all Released Claims, against all Releasees on all on the following terms and conditions:

# 1.  Table of Contents

1.   Table of Contents .................................................................................................. 3
2.   Table of Exhibits ................................................................................................... 4
3.   Definitions ............................................................................................................. 5
4.   Jurisdiction .......................................................................................................... 15
5.   Statement of No Admission ................................................................................ 16
6.   Claims of the Plaintiffs and Benefits of Settlement .......................................... 17
7.   Non-Monetary Relief and Other Options for Distributors ................................ 17
8.   Waiver, Release and Dismissal .......................................................................... 19
9.   Required Events and Cooperation by the Parties ............................................... 21
10.   Settlement Administration .................................................................................. 23
11.   Notice to the Settlement Class, Objection, and Exclusion Rights ..................... 28
12.   Payment from the Settlement Fund ..................................................................... 33
13.   Settlement Fund Allocation ................................................................................ 33
14.   Attorneys' Fees and Costs ................................................................................... 36
15.   Miscellaneous Provisions .................................................................................... 36
16.   Named Plaintiffs' Certifications ......................................................................... 41

## 2. Table of Exhibits

Exhibit 1: Arbitration Agreement Packet ................................................................5, 18

Exhibit 2A: Notice to Current Distributors Who Are Rule 23 Class Members Only (Excludes FLSA Collective Members)..............................................................6, 28, 29

Exhibit 2B: Notice to Former Distributors Who Are Rule 23 Class Members Only (Excludes FLSA Collective Members)......................................................6, 28, 29

Exhibit 3A: Notice to Current Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim ......................................................7, 28

Exhibit 3B: Notice to Former Distributors Who Are FLSA Collective Members And Who Also Have a Rule 23 Class Claim .................................................7, 28, 29

Exhibit 4A: Notice to Current Distributors Who Are FLSA Collective Members Only...........7, 28

Exhibit 4B: Notice to Former Distributors Who Are FLSA Collective Members Only (Who Are Not Also Rule 23 Class Members) ...........................................7, 28

Exhibit 5: Reminder Notice ................................................................7, 29

Exhibit 6: Proposed Preliminary Approval Order ...............................................11, 21

Exhibit 7: Non-Monetary Relief and Other Options for Distributor ............................17

Exhibit 8: Distributor Review Panel ........................................................17

Exhibit 9: Distributor Advocate Position....................................................17

Exhibit 10: Buy Back Option Election Form...................................................18

## 3.    Definitions

3.1.    <u>Action</u>: means the above-captioned lawsuit: *Bobby Jo Rosinbaum, Robert William Morgan, Jr, individually and on behalf of all other similarly situated individuals v. Flowers Foods, Inc. and Franklin Baking Co., LLC*, Case No. 7:16-cv-233, pending in the United States District Court for the Eastern District of North Carolina.

3.2.    <u>Agreement or Settlement Agreement</u>: means this Settlement Agreement, including all Exhibits attached hereto.

3.3.    <u>Amendment and Arbitration Agreement</u>: means the form approved by Class Counsel and Defendants, a copy of which is included in the arbitration agreement packet attached hereto as Exhibit 1, which will be presented to all current distributor Class and FLSA Collective Members by the Settlement Administrator during the Notice Period. Such current distributors shall have the option to "Accept" this Amendment and Arbitration Agreement and receive an additional $3,500 from the Settlement Fund, or "Not Accept" this option and forfeit this payment, as more specifically discussed in Section 7.4 below. The deadline to return the "Accept" form and the signed Amendment and Arbitration Agreement to the Settlement Administrator shall be the end of the Notice Period. Only current distributor Settlement Class Members, as defined below, are eligible to sign the Amendment and receive this additional payment.

3.4.    <u>Attorneys' Fees and Costs</u>: means such funds as may be awarded by the Court to Class Counsel to compensate them for their fees, costs, and expenses in connection therewith, as described more fully below. Upon approval of the Court, and within the specified period after the Effective Date, the Settlement Administrator will pay Class Counsels' Attorneys' Fees and Costs directly from the Settlement Fund.

Case 7:16-cv-00233-FL    Document 384-1    Filed 05/12/20    Page 6 of 45

3.5. <u>Buy Back Option</u>: means the repurchase option extended to current Settlement Class Members as described in Section 7.5 below. To elect this option, the Buy Back Election Form must be returned to the Settlement Administrator by the end of the Notice Period.

3.6. <u>Class Counsel</u>: means Shawn J. Wanta of Baillon Thome Jozwiak & Wanta LLP; Susan Ellingstad of Lockridge Grindal Nauen, PLLP; and J. Gordon Rudd of Zimmerman Reed LLP.

3.7. <u>Class Member</u>: means any individual who operated under a Distributor Agreement with Franklin during a Covered Period, who operated in the state of North Carolina, and who did not sign a new Distributor Agreement or Amendment containing the Arbitration Agreement with a class action waiver.[2]

3.8. <u>Class Representatives, Plaintiffs, or Named Plaintiffs</u>: Bobby Jo Rosinbaum and Robert William Morgan, Jr.

3.9. <u>Class Settlement Notice or Settlement Notice</u>:means the form of notices attached as: (i) Exhibit 2A, to be disseminated to current distributor Class Members who are not Named Plaintiffs or FLSA Collective Members, informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement Agreement; to exclude themselves or to object to the same; to appear at the Fairness Hearing; to "Accept" and sign the Amendment and Arbitration Agreement or "Not Accept" the Amendment and Arbitration Agreement; and whether or not to exercise the Buy Back Option; (ii) Exhibit 2B, to be disseminated to former distributor Class Members who are not Named Plaintiffs or FLSA Collective Members, informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement Agreement; to exclude themselves or to object to the same;

---

[2] The only exceptions shall be for Michael David Vandall and Tony Wilkes, who are FLSA Collective Members who signed the Amendment and who the Parties agreed shall be eligible to participate in this settlement.

Case 7:16-cv-00233-FL   Document 384-1   Filed 05/12/20   Page 7 of 45

and to appear at the Fairness Hearing; (iii) Exhibit 3A, to be disseminated to current distributor FLSA Collective Members who are also Class Members but are not Named Plaintiffs, informing them about the terms of this Settlement Agreement, including their right to withdraw and exclude themselves from the Settlement entirely; how to object; their option to "Accept" and sign the Amendment and Arbitration Agreement or "Not Accept" the Amendment and Arbitration Agreement, and whether or not to exercise the Buy Back Option; and (iv) Exhibit 3B, to distributed to former distributor FLSA Collective members who are also Class Members but are not Named Plaintiffs informing them of terms of this Settlement Agreement, their right to withdraw and exclude themselves from the Settlement; and how to object; (v) Exhibit 4A, to be distributed to current distributors who are FLSA Collective Members only (and not Named Plaintiffs or Class Members), informing them of the terms of the Settlement Agreement, their right to withdraw; how to object; the option to "Accept" and sign the Amendment and Arbitration Agreement or "Not Accept" the Amendment and Arbitration Agreement, and whether or not to exercise the Buy Back Option; and (vi) Exhibit 4B, to be distributed to former distributors who are FLSA Collective Members (and not Named Plaintiffs or Class Members) informing them of the terms of the Settlement Agreement and their right to withdraw; and how to object.; A "Reminder Notice" in the form of Exhibit 5 will be sent to any current distributor Class Member or FLSA Collective Member who has not submitted a signed Amendment and Arbitration Agreement within the first 45 days of the Notice Period.

    3.10.   Court: means the United States District Court for the Eastern District of North Carolina.

    3.11.   <u>Covered Period</u>: means:

3.11.1. For FLSA claims, from the date each FLSA Collective Member filed their consent to join the FLSA portion of the lawsuit through May 21, 2019;

3.11.2. For North Carolina claims, from December 1, 2013 through May 21, 2019;

While the Covered Period encompasses the time frames outlined above, such Covered Period will be calculated on an individual basis using the dates during which each individual was a distributor and any other relevant information. While the Covered Period ends on May 21, 2019, as set forth in Section 3.24 below, the Released Claims shall extend up to an including December 31, 2019.

3.12. <u>Defendants</u>: mean the Defendants in this lawsuit, Flowers Foods, Inc. and Franklin Baking Co., LLC

3.13. <u>Defense Counsel</u>: means Benjamin R. Holland, Maggie Hanrahan, and Kevin Hishta of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

3.14. <u>Effective Date or Settlement Effective Date</u>: shall be the first day after the first date on which all of the following have occurred:

3.14.1. Plaintiffs and Defendants' duly authorized representatives have executed this Agreement;

3.14.2. The Court has preliminarily approved this settlement;

3.14.3. Reasonable notice has been sent to Class Members and FLSA Collective Members as set forth herein;

3.14.4. The Court has held a Fairness Hearing under Rule 23(e), has entered an order granting final approval of the settlement that is the same in all material respects as that set forth in this Agreement, has entered final

judgment, has awarded Named Plaintiffs any Service Awards, and has awarded Class Counsel their reasonable Attorneys' Fees and Costs; and

3.14.5. Only if there are written objections filed before the Fairness Hearing and those objections are not later withdrawn, the last of the following events to occur:

3.14.5.1. If no appeal is filed, then the date on which the time to appeal the Final Approval Order and Judgment has expired with no appeal or any other judicial review having been taken or sought; or

3.14.5.2. If an appeal of the Final Approval Order and Judgment has been timely filed or other judicial review was taken or sought, the date that Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

3.14.6. It is the intention of the Parties that the settlement shall not become effective until the Court's Final Approval Order and Judgment has become completely final and until there is no timely recourse by an appellant or objector who seeks to contest the settlement.

3.15. Exclusion Date: means the date, to be set by the Court, by which an Exclusion Request must be submitted to the Settlement Administrator for a Class Member, including a Class Member who is an FLSA Collective Member (but not a Named Plaintiff) to be excluded from the Settlement Class.

3.16. Exclusion Request: means the written communication that must be submitted to the Settlement Administrator and postmarked on or before the Exclusion Date by a Class Member, including a Class Member who is an FLSA Collective Member (but not a Named Plaintiff) and

Case 7:16-cv-00233-FL   Document 384-1   Filed 05/12/20   Page 10 of 45

who wishes to be excluded from the Settlement Class. Class Members, including FLSA Collective Members who are also Class Members (but not Named Plaintiffs), who make an Exclusion Request are excluded from the litigation and not just the settlement.

3.17. <u>Fairness Hearing</u>: means the hearing to be conducted by the Court about its determination of the fairness, adequacy, and reasonableness of the Settlement Agreement in accordance with Rule 23(e) and the FLSA.

3.18. <u>Final Approval Order and Judgment or Final Approval</u>: means the final order to be entered by the Court that grants final approval of the settlement and enters judgment dismissing this Action with prejudice and that: (i) conforms to this Settlement Agreement, (ii) approves the settlement and the Settlement Agreement as fair, adequate, and reasonable, (iii) confirms the certification of the Settlement Class for purposes of the settlement only, and (iv) issues such other determinations as the Court or the Parties deem necessary and appropriate in order to approve the settlement and implement the Settlement Agreement.

3.19. <u>FLSA Collective Members</u>: means those 89 individuals, in addition to the Named Plaintiffs, who under § 216(b) of the FLSA, filed in this Action signed, timely, and valid opt-in consent-to-join forms and whose participation and claims have not since been dismissed or withdrawn, specifically and only the following: Christopher Aldrich, Richard Barbour, Prentice Barden, Michael Barefoot, Ronnie Barnes, Robert Bennett, Jr., Phillip Boseman, Curtis Brown, Daniel Brunst, Timothy Bryant, Phil Campbell, Pleasant Carr, David Clark, Donnie Clemons, Gregory A. Collier, Roland Collins, Bryan Coniglio, Ryan Damron, Melvin Darden, Anthony Domer, Markus Dowless, Sean Doyle, George Duncan, Daniel Easter, Donald Edwards, Mark Fairweather, Taj Franklin, James Gibson, Richard Godley, Freddy Grainger, Shakeem Griffin, Timothy Hall, Arne Hansen, William Hardison, Steven Hickman, Maurice Orlando Hinton,

Case 7:16-cv-00233-FL   Document 384-1   Filed 05/12/20   Page 11 of 45

Christopher Howard, Bruce Hughes, Jr., Mohammad Idries, Brandon Jernigan, Jack Johnston, Richard Johnston, Eric Jones-Hill, Royce Joyner, Kevin Justice, Michael Kaminski, Thomas Keith, Michael Kelly, Brandon LeSech, James Leach, Jr., Michael Little, Kenneth Locklear, Richard McCauley, Jr., Christopher McLaughlin, David McLaughlin, William Joseph McNabb, Jr., Daniel Moore, Mark Moran, Chadwick Moseley, David Nairn, Jr., Thomas Parker, James Partin, John Pate, Jr., Kevin Pate, Michael Phillips, Paul Pilgreen, Todd Porter, Tim Ressigue, Michael Rincon, Jeffrey Roberts, Scott Rouse, James Rudder, III, Anthony Scott, Steve Shaw, Michael Shea, Jon Shingledecker, Milton Singletary, Charles Kevin Smith, Robert Smith, Jr., Jimmy Stevens, John Stevenson, Jr., Jerome Stiles, David Thomason, Timmy Vines, Raymond West, David Williams, Kelly Williams, Tony Wilkes and Michael David Vandall.

3.20.  <u>Notice Program</u>: means the plan approved by the Court for disseminating the Settlement Notices as set forth herein.

3.21.  <u>Objection Date</u>: means the date, to be set by the Court, by which objections to the Settlement must be submitted by Class Members or any additional FLSA Collective Members who are not Named Plaintiffs.

3.22.  <u>Party or Parties</u>: means the Named Plaintiffs and/or Defendants.

3.23.  <u>Preliminary Approval</u>: means the order to be entered by the Court, substantially in the form of Exhibit 6, that:

(a)      preliminarily approves this Settlement Agreement;

(b)      sets the date of the Fairness Hearing;

(c)      appoints the Plaintiffs' Counsel as Class Counsel for the Settlement Class Members;

(d)      approves the forms of Settlement Notice and the Notice Program;

(e)     sets the date that Settlement Notices should issue;

(f)     sets the end of the Notice Period;

(g)     sets the Exclusion Date and the Withdrawal Date; and

(h)     sets the deadline for filing objections to the settlement.

3.24.   Released Claims: mean any and all claims, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in this Action, that the Settlement Class Members have or may have against any of the Releasees (as defined below), from the beginning of time through December 31, 2019, including, but not limited to, all claims under common law contract, tort, or other law, as well as all claims under federal, state, local, or foreign laws, including but not limited to all claims arising under North Carolina, South Carolina, or other applicable state's Wage and Labor Laws; North Carolina, South Carolina, or other applicable state's common law; North Carolina, South Carolina, or other applicable state's administrative law; or North Carolina, South Carolina, or other applicable state's statutory law that are derivative of, or in any way related to, any wage and hour, overtime, benefits or other claims based on the Settlement Class Members' alleged misclassification as independent contractors; any other claim allegedly arising from the Settlement Class Members' alleged misclassification as independent contractor while performing services under a Distributor Agreement with Franklin or any predecessor entity; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations. Released Claims shall not include any FLSA claims of any Settlement Class Members who are not also Named Plaintiffs or FLSA Collective Members. For Named Plaintiffs and for FLSA Collective Members who do not

Case 7:16-cv-00233-FL   Document 384-1   Filed 05/12/20   Page 13 of 45

withdraw and exclude themselves, Released Claims shall include any and all FLSA claims in addition to all claims set forth in this Section above.

3.25. <u>Releasees</u>: means Flowers Foods, Franklin, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns.

3.26. <u>Settlement Administrator</u>: means Atticus Administration, 1250 Northland Drive, Suite 240, Mendota Heights, MN 55120.

3.27. <u>Settlement Class or Settlement Class Member</u>: means any Class Member who receives the Settlement Notice and who does not submit a valid Exclusion Request pursuant to the terms of this Agreement, Named Plaintiffs, any FLSA Collective Members who are also Class Members (but not Named Plaintiffs) who do not withdraw by the Withdrawal Date and who do not also submit a valid Exclusion Request; and any distributors who are FLSA Collective Members only who do not contact Class Counsel to withdraw by the Withdrawal Date.

3.28. <u>Settlement Fund or Common Fund</u>: means a qualified settlement fund established under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1, to be funded by Defendants in the amount of $8.3 million dollars, which includes Attorneys' Fees and Costs (except for costs associated with notice and settlement administration, which shall be paid separately by Defendants), Service Awards, and any payments to current distributor Class and

FLSA Collective Members who accept, sign and return to the Settlement Administrator within the Notice Period the Amendment and Arbitration Agreement, established at a United States bank jointly selected by Defendants and the Settlement Administrator. This qualified Settlement Fund shall be non-reversionary except for the money allocated to the claims of those distributors who are: (1) Class Members only (and are not also FLSA Collective Members or Named Plaintiffs) who file a valid Exclusion Request by the Exclusion Date; (2) FLSA Collective Members who are also Class Members (but not Named Plaintiffs) who filed a valid Exclusion Request and contact Class Counsel to withdraw from the Action by the Withdrawal Date; and (3) FLSA Collective Members only (and not also Class Members or Named Plaintiffs) who contact Class Counsel to withdraw from the Action by the withdrawal date. Allocation of monies to all such individuals shall revert to Defendants. The Settlement Administrator shall pay all monies payable to the Settlement Class Members (including Service Awards and consideration for timely, executed Amendment and Arbitration Agreements from current distributor Settlement Class Members) and Attorneys' Fees and Costs to Class Counsel under this Settlement Agreement from the Settlement Fund.

3.29. <u>Settlement Notice Period or Notice Period</u>: means the Period Set by the Court for Class Members to Review the Settlement Notice, determine whether they want to participate or exclude themselves or object, as applicable; and, for Current Distributor Class or FLSA Collective Members, to determine whether they want to "Accept" the Amendment and Arbitration Agreement in exchange for an additional $3,500 or "Not Accept" and forfeit such payment, or elect the Buy Back Option.

3.30. <u>Service Award</u>: means the $10,000 payment to each Named Plaintiff to be paid from the Settlement Fund to compensate them for their efforts on behalf of the Settlement Class and FLSA Collective Members.

3.31. <u>Withdrawal Date:</u> means the date to be set by the Court by which an FLSA Collective Member, including FLSA Collective Members who are also Class Members, must contact Class Counsel to withdraw from the Action.

## 4. Jurisdiction

4.1. The Court has jurisdiction over the Parties and the subject matter of this Action, which includes both federal and state-law claims. Additionally, the Court has supplemental jurisdiction over the state-law claims.

4.2. If the Settlement Agreement is fully and finally approved, the Court will dismiss the Action with prejudice. In the event there is a dispute concerning the enforcement of the terms of this Settlement Agreement, the Parties consent to the jurisdiction of the Court with respect to any such dispute. Prior to taking any such dispute to the Court, the Parties agree to confer in good faith in an attempt to resolve any such dispute.

4.3. The Parties stipulate that, for settlement purposes only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the FLSA, and therefore approval of this Settlement Agreement is appropriate. In so stipulating, Defendants do not waive or abandon any arguments they may have that decertification of the FLSA collective action is proper or that certification of the Rule 23 class is improper. Defendants' consent to certification for settlement purposes only is in no way an admission that Rule 23 or Section 216(b) certification would be proper absent a settlement.

4.4. Failure to obtain the Preliminary or final approval of this Settlement Agreement in the same or substantially similar formats proposed to the Court, including, but not limited to, the non-monetary relief specified herein and any failure as a result of any appeal of the Court's Final

Approval Order and Judgment, will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect.

4.5.    In the event this Settlement Agreement becomes void or unenforceable, any monies in the Settlement Fund shall remain the property of and shall be returned to Defendants, the Parties' litigation positions shall revert to the status quo ante prior to the execution of this Settlement Agreement, and the Parties will not be deemed to have waived, limited, or affected in any way any of their claims, defenses, or objections in the Action, including arguments for or against class certification or decertification.

## 5.    Statement of No Admission

5.1.    Defendants deny liability upon any claim or cause of action presented or alleged or that could have been presented or alleged in the Action, and Defendants deny that the Settlement Class is entitled to relief of any kind in this Action.

5.2.    This Settlement Agreement does not constitute an admission by Defendants as to the merits, validity, or accuracy of the allegations or claims made against them in the Action and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendants.

5.3.    Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

Case 7:16-cv-00233-FL    Document 384-1    Filed 05/12/20    Page 17 of 45

## 6.    Claims of the Plaintiffs and Benefits of Settlement

6.1.    Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed through extensive written and deposition discovery supports their claims. However, Plaintiffs and Class Counsel recognize and acknowledge the expense, complexities, and length of continued proceedings necessary to prosecute the Action through trial and through appeals, along with the uncertain nature of certain damages and affirmative defenses.

6.2.    Plaintiffs and Class Counsel have considered the uncertain outcome and the risk of this Action, especially the multi-party, collective, and class action components of this Action, as well as the difficulties, delays, and risks of collection inherent in litigation.

6.3.    Plaintiffs and Class Counsel believe that the Settlement Agreement confers substantial benefits upon Plaintiffs and the Settlement Class Members and is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Settlement Class Members.

## 7.    Non-Monetary Relief and Other Options for Distributors

7.1.    Defendants will implement certain changes and modifications to the independent distributor model at Franklin in accordance with Exhibit 7. The terms are the product of extensive and arms-length negotiations between the Parties and their counsel, which were facilitated by a mediator experienced in independent distributor/delivery business models and which confer substantial benefits on Settlement Class Members to which they would not otherwise be entitled absent this Settlement Agreement.

7.2.    Defendants will establish a Distributor Review Panel for Franklin distributors that will operate in accordance with Exhibit 8.

7.3.    Defendants will establish the position of Distributor Advocate for distributors with Franklin, as explained more fully in Exhibit 9, which will operate in accordance with the

International Ombudsman Association's Standards of Practice and Code of Ethics where operationally feasible (e.g., Defendants will not maintain confidentiality as suggested by the International Ombudsman Association because the distributor's identity must be shared with management in order to understand the context and each party's business interests).

7.4.     Settlement Class Members who are current Franklin distributors will be offered the opportunity and be eligible to "Accept" or "Not Accept" an Amendment to the Distributor Agreement with an accompanying Arbitration Agreement and class action waiver. The Amendment will modify or eliminate certain provisions in the Distributor Agreement that are inconsistent with the Arbitration Agreement. The Settlement Administrator will present each current distributor with the Amendment and the Arbitration Agreement during the Notice Period. The Settlement Administrator will also present an agreed-upon summary of the Amendment and Arbitration Agreement at that time. These documents are contained in the arbitration agreement packet (Exhibit 1). Distributors who "Accept" and concurrently sign the Amendment with the accompanying Arbitration Agreement and return these signed documents to the Settlement Administrator by the end of the Notice Period shall receive an additional $3,500 from the Settlement Fund as consideration for accepting such Amendment. Distributors who do not accept the Amendment will forfeit such $3,500 payment, and such payments shall revert to the Settlement Fund to be reallocated among all Settlement Class Members.

7.5.     Defendants will agree to buy back the territories of any interested Settlement Class Member who is a current distributor at ten (10) times weekly branded sales calculated over a 52-week average, provided that the Settlement Class Member returns to the Settlement Administrator during the Notice Period the Buy Back Election Form (Exhibit 10). The Settlement Administrator will, in turn, notify Defendants. For those Settlement Class Members who exercise this option, the

timing of the sale will be at Franklin's reasonable discretion depending on Franklin's business needs and/or the ability to service the territory. Such buy backs are also contingent upon those Settlement Class Members who have exercised this option continuing to comply with all of their obligations under the Distributor Agreement. Such buy backs are subject to the following:

7.5.1.  For the first five (5) territories designated by Settlement Class Members who exercise this option, the time period shall not exceed sixty (60) days from the Settlement Effective Date.

7.5.2.  For the next fifteen (15) territories designated by Settlement Class Members who exercise this option, the time period shall not exceed one hundred twenty (120) days from the Settlement Effective Date.

7.5.3.  In the event Settlement Class Members express interest in selling greater than twenty (20) territories, the time period shall not exceed one hundred eighty (180) days from the Settlement Effective Date.

For purposes of determining the designation date, the date of receipt by the Settlement Administrator shall control.

## 8.    Waiver, Release and Dismissal

8.1.    Upon the Settlement Effective Date, all Settlement Class Members will be bound by the terms and conditions of this Settlement Agreement.

8.2.    Upon the Settlement Effective Date, each Settlement Class Member, on behalf of themselves and their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns shall be deemed to have forever released and discharged the Releasees from any and all Released Claims, shall covenant not to sue the Releasees with

respect to any Released Claims, and will be permanently and forever barred from suing or otherwise asserting any Released Claim against any of the Releasees.

8.3.    In exchange for this release of claims by the Settlement Class, Defendants will pay the sum of $8.3 million into the Settlement Fund within ten business days after the Settlement Effective Date of this Action. At their discretion, Defendants may pay this amount into the Settlement Fund earlier.

8.4.    Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict any Settlement Class Member from contacting, assisting, or cooperating with any government agency; provided, however, that no Settlement Class Member shall seek or accept damages, reinstatement, or similar personal relief as to any Released Claim.

8.5.    Named Plaintiffs represent and warrant that they have not sold, assigned, pledged, or otherwise transferred any Released Claims.

8.6.    It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release, and Named Plaintiffs' signing of this Settlement Agreement, when approved by the Court and such approval has become final, fully effectuates the above releases on behalf of the remaining Settlement Class Members. The checks issued to all Settlement Class Members shall also have appropriate agreed-upon release language on the back of each check. Named Plaintiffs shall also separately sign a General Release of Claims.

8.7.    The Parties agree to seek an order dismissing the Action with prejudice and such other and additional orders upon the Final Approval Order and Judgment.

## 9. Required Events and Cooperation by the Parties

9.1.    As soon as reasonably practicable after execution of the Settlement Agreement, the Parties shall submit the Settlement Agreement, including all Exhibits, to the Court for its Preliminary Approval and shall jointly move the Court for entry of an order, substantially in the form of Exhibit 6, which by its terms shall:

9.1.1.    Determine preliminarily that this Settlement Agreement and the terms set forth herein fall within the range of reasonableness meriting possible Final Approval and dissemination of Settlement Notices as set forth herein, and direct that, within ten days of filing for Preliminary Approval, Defendants shall provide notice of this proposed Settlement in compliance with the Class Action Fairness Act of 2005 ("CAFA");

9.1.2.    Schedule the Fairness Hearing to: (i) determine finally whether Settlement Class satisfies the applicable requirements of Rule 23 and should be finally certified for settlement purposes only; (ii) review objections, if any, regarding the Settlement Agreement; (iii) consider the fairness, reasonableness, and adequacy of the Settlement Agreement and its terms; (iv) consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses; (v) determine the validity of any Exclusion Requests and exclude from the Class those persons who are eligible to exclude themselves under the terms set forth herein and who validly and timely exclude themselves by the Exclusion Date; and (vi) consider whether the Court shall issue the Final Approval Order and Judgment, approving the settlement and dismissing the Action with prejudice.

9.1.3.    Set a briefing schedule for: (i) a joint motion for final approval; (ii) Class Counsel's motion for attorneys' fees; and (iii) Named Plaintiffs' motion for Service Awards;

9.1.4.    Approve the proposed Settlement Notices and Notice Program;

9.1.5. Direct the Settlement Administrator to cause the Settlement Notice to be disseminated in the manner set forth in the Notice Program on or before the Settlement Notice Deadline;

9.1.6. Determine that the Settlement Notices and the Notice Program: (i) meet the requirements of Rule 23(c)(3) and due process; (ii) are the best practicable notice under the circumstances; (iii) are reasonably calculated, under the circumstances, to apprise applicable Class Members of the pendency of the Action, their right to object to the proposed Settlement, exclude themselves from the settlement, or participate within the timeframe provided herein; and (iv) are reasonable and constitute due, adequate, and sufficient notice to all those entitled to receive notice.

9.1.7. Require each Class Member who is not also an FLSA Collective Member or a Named Plaintiff who wishes to exclude himself or herself from the Settlement to submit a timely and valid written Exclusion Request, on or before the Exclusion Date, to the Settlement Administrator;

9.1.8. Require each FLSA Collective Member who is also a Class Member (but not a Named Plaintiff) who wishes to exclude himself or herself from the Settlement to submit a timely and valid written Exclusion Request on or before the Exclusion Date to the Settlement Administrator and contact Class Counsel to withdraw from the Action by the Withdrawal Date;

9.1.9. Require each FLSA Collective Member (who is not also a Class Member or Named Plaintiff) who does not wish to participate in the Settlement to contact Class Counsel to withdraw from the Action by the Withdrawal Date;

9.1.10. Order that all Settlement Class Members will be bound by all proceedings, orders, and judgments in this Action;

9.1.11. Require any Settlement Class Member who is not a Named Plaintiff and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the award of Attorneys' Fees and Expenses, or to the Service Awards, to submit to the Court, Class Counsel, and Defense Counsel by the Objection Date a statement of his or her objection; and

9.1.12. Establish the following:

9.1.12.1.    The date and time of the Fairness Hearing, which the Parties agree shall not be on a date or time that is less than 100 days after Preliminary Approval of the Settlement Agreement, or 90 days after notice is sent to the appropriate officials under CAFA, whichever is later;

9.1.12.2.    The date by which the Settlement Notices shall issue;

9.1.12.3.    The date by which any Exclusion Request, objections, withdrawal request, and the signed Amendments and Arbitration Agreements from current distributor Settlement Class Members who elect this option are due.

9.2.    The Parties represent and acknowledge that each intends to implement the Settlement Agreement. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

## 10.    Settlement Administration

10.1.    Subject to approval by the Court, the Settlement Administrator shall be responsible for mailing the Settlement Notices; receiving and logging arbitration election forms and fully executed Amendments and attached Arbitration Agreements, Buy Back Election Forms, and Exclusion Requests; researching and updating addresses through skip-traces and similar means; answering questions from Settlement Class Members; reporting on the status of the claims

administration to counsel for the Parties; sending the notices required by CAFA within the appropriate time period; preparing a declaration regarding its due diligence in the claims administration process; providing the Parties with data regarding the arbitration election forms, accompanying Amendments and Arbitration Agreements, Buy Back Election Forms, and Exclusion Requests; distributing settlement checks; reporting and paying, as necessary, applicable taxes on settlement payments; and doing such other things as the Parties may direct.

10.2.    Within seven (7) days after the Court's Preliminary Approval, Defendants will provide to the Settlement Administrator a database listing of the names, last known addresses, dates contracted by Franklin as distributors during a Covered Period, and social security numbers or dates of birth of the Named Plaintiffs, FLSA Collective Members, and Class Members.

10.3.    The Settlement Administrator will perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order and Judgment:

10.3.1. Provide for the Settlement Notices (with the Fairness Hearing dates) to be sent by mail to all applicable Class and FLSA Collective Members that can be identified through a reasonable effort;

10.3.2. Provide to Defense Counsel and Class Counsel, 14 days after the first mailing of the Settlement Notices and then updated every 14 days thereafter: (i) a list of the names and addresses of all Class Members or FLSA Collective Members whose Settlement Notices have been returned to the Settlement Administrator as undeliverable along with a report indicating steps taken by the Settlement Administrator to locate updated address information for such Class Members and FLSA Collective Members and to resend the Settlement Notices, and/or whose Settlement Notices have been forwarded to an updated address by the United States Postal Service;

(ii) a separate list of the names and addresses of all Settlement Class Members who are not Named Plaintiffs who have submitted documents indicating that they wish to object to the settlement; (iii) a separate list of the names and addresses of all Settlement Class Members who are not Named Plaintiffs who have submitted documents indicating that they wish to challenge the payment calculations along with copies of all such documents; (iv) a separate list of the names of current distributor Settlement Class Members who have elected to "Accept" the Amendment and Arbitration Agreement and have submitted executed versions of both documents to the Settlement Administrator by the end of the Notice Period; and (v) a separate list of current distributor Settlement Class Members who have submitted the Buy Back Election Form.

      10.3.3. Process challenges to the payment calculations and process objections to the Settlement in accordance with this Settlement Agreement;

      10.3.4. Mail settlement payments to Settlement Class Members, as ordered by the Court in the Proposed Final Approval Order, in accordance with this Settlement Agreement;

      10.3.5. Mail payments of $3,500 from the Settlement Fund for each current distributor Settlement Class Member who elects to Accept the Amendment and Arbitration Agreement and submitted executed copies of both the Amendment and Arbitration Agreement back to the Settlement Administrator by the end of the Notice Period;

      10.3.6. Mail payment(s) for Attorneys' Fees and Costs to Class Counsel, as ordered by the Court in the Final Approval Order, in accordance with the Settlement Agreement;

      10.3.7. Mail Service Awards to Named Plaintiffs, as ordered by the Court in the Final Approval Order;

10.3.8. Establish, designate, and maintain a Settlement Fund for the Lawsuit as a "qualified settlement fund" under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1;

10.3.9. Maintain the assets of the Settlement Fund in a non-interest-bearing escrow account segregated from the assets of Defendants and any person related to Defendants;

10.3.10. Obtain employer identification numbers for the Settlement Fund pursuant to Treasury Regulation § 1.468B-2(k)(4);

10.3.11. Prepare and file federal income tax returns for the Settlement Fund, as well as any other tax filings the Class Settlement Fund must make under federal, state, or local law;

10.3.12. Prepare, file, and issue all necessary tax reporting forms for the Settlement Fund, including Form W-2 Statutory Employees and IRS Forms 1099 regarding the distribution of payments to the Settlement Class Members, Class Counsel, and Named Plaintiffs as set forth herein;

10.3.13. Provide Defendants with copies of all tax reporting and filings made for the Settlement Fund, including copies of the checks and the Form W-2 Statutory Employees and IRS Forms 1099 issued to Settlement Class Members and Named Plaintiffs, and any other documentation to show that the tax reporting and filings were timely transmitted to the claimants and the applicable taxing authorities;

10.3.14. Pay any additional tax liabilities (including penalties and interest) that arise from the establishment and administration of the Settlement Fund solely from the assets of the Settlement Fund without any recourse against Defendants for additional monies;

10.3.15. Liquidate any remaining assets of the Settlement Fund after all payments to the Settlement Class Members, Class Counsel, and Named Plaintiffs have been made and all tax obligations have been satisfied, and distribute all unclaimed funds to the designated *cy pres* beneficiar(ies); and

10.3.16. Notify the Parties that the Settlement Fund will be terminated unless the Parties contact the Settlement Administrator within ten business days.

10.4.    The Parties will be jointly responsible for providing the Settlement Administrator with the necessary information to facilitate notice and claims administration (including, but not necessarily limited to, the full legal name, last known address, and dates of contract of each Named Plaintiff, FLSA Collective Member, and/or Class Member).

10.5.    In the event a Settlement Class Member disputes the accuracy of information upon which settlement payments are calculated, the Parties agree that Defendants' business records will be conclusive as to the dates a Settlement Class Member was a distributor.

10.6.    Class Counsel will calculate settlement payments to each Settlement Class Member under this Settlement Agreement using the formula more specifically described and set forth in this agreement and provide this information to the Settlement Administrator for purposes of processing the settlement checks.

10.7.    Defendants acknowledge that they are responsible for ensuring that notice is mailed to the appropriate entities pursuant to CAFA and agree to work diligently with the Settlement Administrator, who will be responsible for actually sending the required notices, to ensure this notice is sent timely and in the manner prescribed by law.

10.8.    Defendants will pay the costs of notice and administration of the settlement, which will be paid separately and in addition to funding the Settlement Fund.

## 11.  Notice to the Settlement Class, Objection, and Exclusion Rights

11.1.  Within two weeks of the date the Court grants Preliminary Approval of the Settlement, as the Court may direct, the Parties shall cause the Settlement Notices to be disseminated pursuant to the Notice Program, in a manner that comports with constitutional due process and the requirements of Rule 23, as set forth below:

11.1.1. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 2A to be sent to current distributor Class Members who are not Named Plaintiffs or FLSA Collective Members;

11.1.2. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 2B to be sent to former distributor Class Members who are not Named Plaintiffs or FLSA Collective Members;

11.1.3. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 3A to be sent to current distributor FLSA Collective Members who are also Class Members but are not Named Plaintiffs.

11.1.4. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 3B to be sent to former distributor FLSA Collective Members who are also Class Members but not Named Plaintiffs.

11.1.5. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 4A to be sent to current distributors who are FLSA Collective Members only (and not also Class Members or Named Plaintiffs);

11.1.6. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 4B to be sent to former distributors who are FLSA Collective Members only (and not also Class Members or Named Plaintiffs);

Case 7:16-cv-00233-FL   Document 384-1   Filed 05/12/20   Page 29 of 45

11.2.    The Parties agree that all Class Members and FLSA Collective Members who are also Class Members but are not Named Plaintiffs and who receive Settlement Notices in the forms of Exhibit 2A, 2B, 3A or 3B shall have a period of sixty (60) days to file any Exclusion Request or objection.

11.3.    The Parties agree that all FLSA Collective Members, including those who are and who are not Class Members, shall have a period of sixty (60) days to contact Class Counsel and withdraw from the Action should they wish to not participate in the settlement.

11.4.    The Parties agree that current distributor Class Members and FLSA Collective Members shall have a period of sixty (60) days to submit their election accepting the Amendment with Arbitration Agreement and fully executed copies of each to the Settlement Administrator. Current distributor Class Members and FLSA Collective Members shall also have a period of sixty (60) days to submit the Buy Back Election Form.

11.5.    The Parties agree that the Settlement Administrator shall also send a Reminder Notice in the form attached as Exhibit 5 to any current distributor Class Member or FLSA Collective Member who has not submitted the signed Amendment and attached Arbitration Agreement within the first 45-days of the Notice Period reminding them of the upcoming deadline for this option.

11.6.    Claims administration expenses and notice expenses shall be paid directly by Defendants and not from the Settlement Fund.

11.7.    The Settlement Notices attached in the form of Exhibits 2A, 2B, 3A and 3B shall comply with the requirements of Rule 23 and shall:

11.7.1. contain a short, plain statement of the background of the Action and the proposed Settlement;

11.7.2. describe the proposed Settlement relief as set forth in this Settlement Agreement, including the requests of Class Counsel for Attorneys' Fees and Costs and Service Awards as described in this Settlement Agreement;

11.7.3. inform Class Members that, if they do not exclude themselves from the Settlement, they may be eligible to receive relief;

11.7.4. describe the procedures for participating in the Settlement and advising recipients of this Notice of their rights, including their right to exclude themselves from the settlement, or object to the Settlement;

11.7.5. explain the scope of the Release, and the impact of the proposed Settlement Agreement on any existing litigation, arbitration or other proceeding;

11.7.6. state that any relief to Class Members under the Settlement Agreement is contingent on the Court's Final Approval of the proposed Settlement Agreement;

11.7.7. explain that Counsel for the Parties may not advise on the tax consequences of participating or not participating in the Settlement;

11.7.8. explain the procedures for opting out of the Settlement and specify that so-called "mass" or "class" opt-outs shall not be allowed; and

11.7.9. provide that any objection to the Settlement Agreement and any papers submitted in support of said objection will be considered only if the Settlement Class Member has submitted timely notice of his or her intention to do so, with the grounds for the objection, and has served copies of such papers he or she proposes to submit at the Fairness Hearing on Class Counsel and Defense Counsel on or before the Objection Date, as specified in the Settlement Notice.

11.8.    Any Settlement Class Member who is not a Named Plaintiff and who intends to object to any aspect of the settlement, including the requested Attorneys' Fees and Costs, or Service

Award, must do so on or before the Objection Date. To object, the applicable Settlement Class Member must file a written objection with the Court on or before the Objection Date and serve it via first-class mail on Class Counsel and Defense Counsel and include: the name, address, telephone number, and email address of the Person objecting and, if represented by counsel, of his/her counsel. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections and must state whether he/she intends to appear at the Fairness Hearing, either with or without counsel. Any Settlement Class Member who fails to file and timely submit and serve a written objection in accordance with this Agreement shall not be permitted to object to the approval of the Settlement Agreement at the Fairness Hearing. The Parties may take discovery on an expedited basis regarding the objection from the objector and related third parties.

11.9.    Prior to the Fairness Hearing, the Parties shall provide to the Court documentation that the Settlement Notices were provided in accordance with the Notice Program.

11.10.  A Class Member, including an FLSA Collective Member who is also a Class Member but who is not a Named Plaintiff, who wishes to file an Exclusion Request must do so on or before the Exclusion Date. To exclude himself or herself, the applicable Class Member must complete and send to the Settlement Administrator an Exclusion Request as set forth herein that is post-marked no later than the Exclusion Date. The Exclusion Request must be personally signed by the applicable Class Member requesting exclusion; contain the Class Member's full name, address, and phone number; and contain a statement that indicates a desire to be excluded from the Settlement Class. So-called "mass" or "class" exclusions on behalf of multiple individuals or groups shall not be allowed.

11.11.  An FLSA Collective Member, including an FLSA Collective Members who is also a Class Member but not a Named Plaintiff, who does not want to participate in the settlement must contact Class Counsel and notify them that they want to withdraw by the Withdrawal Date. FLSA Collective Members who are also Class Members (but not Named Plaintiffs) must file both a valid Exclusion Request by the Exclusion Date as discussed in 11.10 above and contact Class Counsel to withdraw by the Withdrawal Date as discussed herein to exclude themselves from the settlement.

11.12.  Except for those Class Members and applicable FLSA Collective Members who are also Class Members who timely and properly file an Exclusion Request, as applicable, and all FLSA Collective Members who submit notice of intent to withdraw to Class Counsel by the Withdrawal Date, all other Class Members, including those who do not respond to the Notice, will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Settlement Effective Date, will be bound by its terms and conditions and the release of claims described therein and will be bound by the judgment dismissing this Action on the merits.

11.13.  Any Class Member, including any FLSA Collective Member who is also a Class Member, who is not also a Named Plaintiff who properly files an Exclusion Request excluding him/herself from  the Settlement  shall: (a) not be bound by any orders or judgments entered in the Action relating to the settlement, including but not limited to the Release of Claims; (b) not be entitled to relief under, or be affected by, the Settlement Agreement; (c) not gain any rights by the Settlement Agreement; or (d) not be entitled to object to any aspect of the Settlement.. For any Class Member who files an Exclusion Request, the statute of limitations for the Class Member's claims will begin to run again upon the Settlement Effective Date. The statute of limitations will similarly begin to run for any FLSA Collective Member who withdraws from the lawsuit as well

as any FLSA Collective Member/Class Member who both withdraws from the lawsuit and files an Exclusion Request.

## 12. Payment from the Settlement Fund

12.1.   All settlement payments made to Settlement Class Members under this Settlement Agreement shall be considered non-employee compensation.

12.2.   For tax reporting purposes, except as provided in 12..3 below, Defendants, or as applicable the Settlement Administrator, shall report all settlement payments made to Settlement Class Members as non-employee compensation to the Settlement Class Members receiving settlement payments.

12.3.   For any Settlement Class Members whose distributorships are incorporated on the Settlement Effective Date, no reporting for tax purposes of the settlement payments is required.

12.4.   Settlement Class Members will be responsible for reporting such amounts on their tax returns and paying all applicable taxes on such amounts. Settlement Class Members agree to indemnify and hold Defendants and the Settlement Administrator harmless from any and all liability that may result from, or arise in connection with their failure to file and pay such taxes on any amounts received pursuant to this settlement. No Settlement Funds shall be disbursed from the Settlement Fund until the Settlement Effective Date.

12.5.   In the event the Action is not finally dismissed or is vacated or reversed on appeal, all Settlement Funds shall be immediately returned to Defendants.

## 13. Settlement Fund Allocation

13.1.   No Settlement Class Member will be required to submit a claim form to receive a share of the Settlement Fund.

13.2.   The Parties agree to allocate the settlement fund as follows:

Step 1: For class members who had more than one territory at some point during the class period, select the territory with the highest gross sales and discard sales data from the smaller route(s).

Step 2: Calculate FLSA overtime shares by multiplying the number of weeks each opt-in plaintiff worked during the two-year statute of limitations period by 55 hours, then divide that opt-in plaintiff's gross sales by that product. If the quotient is less than $1,000, round up to $1,000.

Step 3: Calculate each class member's North Carolina wage deduction damages by adding the dollar amount of class member's warehouse fee, administrative fee, shrink, and stale payments during the applicable statute of limitations.

Step 4: Reduce the common fund by the amount of attorneys fees, costs, and service awards approved by the Court. Reduce the difference by the sum of all FLSA damages calculated in step 2 and the sum of all arbitration agreement payments.

Step 5: Apportion the remaining money on a pro rata basis for each class member for wage deduction damages.

Step 6: Verify results. The sum of all class member shares, arbitration payments, attorneys fees and costs, and service awards must equal $8,300,000.00.

13.3.    Settlement Class Members who operate multiple territories shall collect monies allocated to alleged overtime on only one territory, which will be the territory that has the highest total damages during the recovery period as determined by Plaintiffs' proffered damages expert;

13.4.    The $3,500 payment for each current distributor Class or FLSA Collective Member who elects to "Not Accept" the Amendment and accompanying Arbitration Agreement with class action waiver shall be returned to the Settlement Fund for re-allocation among Settlement Class Members.

13.5.    Any Class Member who has submitted or submits an incomplete or incorrect form will be permitted to re-submit one within 14 days of the sending of notice to that Class Member of a defect by the Claims Administrator. Class Counsel will be kept apprised of the volume and nature of defective forms and allowed to communicate with Class Members as they deem appropriate to cure deficiencies.

13.6. Checks will be negotiable for 180 days. Ninety (90) days after mailing, the Settlement Administrator will review the Settlement Fund account for uncashed checks and attempt to contact each Settlement Class Member who has not cashed her or his check to remind them of the negotiable period. If the Settlement Class Member requests a new check, the Settlement Administrator will void the original check and reissue a check negotiable for forty-five (45) days. Checks that are not cashed within the negotiable period will not result in unclaimed property under state-law. Rather, in the event there are unclaimed funds, they shall be paid to an agreed-upon *cy pres* beneficiary. The parties will recommend to the Court that remaining funds be divided and sent equally to the North Carolina State Bar for the provision of civil legal services for indigents and to the Indigent Person's Attorney Fund.

13.7. The Named Plaintiffs may petition the Court for approval of Service Awards in the amount of $10,000 per Named Plaintiff in recognition of their time and efforts in serving the Class and FLSA Collective Action by helping Class Counsel formulate claims and assisting in the Action and settlement process. Defendants will not object to the Named Plaintiffs' petition for Service Awards. These Service Awards are separate from and in addition to the shares of the Settlement Fund that the Named Plaintiffs may be eligible to receive as Settlement Class Members, although the payments will be made from the Settlement Fund. As a condition of receiving such Service Awards, Named Plaintiffs agree that they may not exclude themselves from this settlement and agree to sign a general release of all claims. Final approval of the Agreement is not contingent upon the Court granting the requested Attorneys' Fees and Costs and Service Awards in full.

13.8. Except as otherwise noted, the allocations described in 13.2 and 13.3 will be performed solely by Class Counsel and is subject to Court approval.

13.9.   Defendants and Defense Counsel will cooperate with Class Counsel to provide information from Defendants' records for purposes of locating persons in the Class and in determining the values to be used in calculating each Settlement Class Member's share of the Settlement Fund.

## 14.   Attorneys' Fees and Costs

14.1.   Class Counsel agrees to make an application to the Court for an award of Attorneys' Fees and Expenses in this Action. Defendants agree not to oppose such application. Class Counsel will apply for fees of no more than one-third of the common fund plus expense reimbursement of their actual litigation costs. If awarded by the Court, the Settlement Administrator shall pay Class Counsel directly within twenty business days of the Settlement Effective Date.

## 15.   Miscellaneous Provisions

15.1.   The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and will not take any action adverse to each other in obtaining Court approval, and, if necessary, appellate approval of the Settlement Agreement in all respects.

15.2.   This Settlement Agreement, and any payments made pursuant to it, including payments made pursuant to the claim procedures set forth herein, will have no effect on the eligibility or calculation of benefits of current or former distributors of Franklin not covered by this Settlement Agreement.

15.3.   The signatories hereto hereby represent that they are fully authorized to enter this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

15.4.   The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and to take such

other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement this Settlement Agreement and the terms and conditions set forth herein.

15.5.    Class Counsel will use their best efforts for, will cooperate with Defense Counsel on, and will exercise good faith in obtaining the most participation possible in the settlement.

15.6.    As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defense Counsel, take all necessary steps to secure the Court's final approval of this Settlement Agreement.

15.7.    The Parties agree to a stay of all proceedings in this Action, except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Final Court Approval of the Settlement Agreement.

15.8.    This Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of North Carolina without regard to its conflicts of law provisions.

15.9.    Defendants will not communicate with Settlement Class Members about the Arbitration Agreement or the settlement, except to direct questions to Class Counsel or the Settlement Administrator.

15.10.  Upon stipulation or with Court approval, the Parties may alter the above dates or time periods. The Parties may also make other non-substantive revisions to the Settlement Notice, Reminder Notice, or other documents as necessary.

15.11.  All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations which preceded the execution of this

Settlement Agreement and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

15.12.  Any claim concerning enforcement of the Settlement Agreement, or the subject matter hereof, will be resolved solely and exclusively by the United States District Court for the Eastern District of North Carolina, and the Parties hereby consent to the personal jurisdiction of the Court over them solely in connection therewith.

15.13.  The terms of this Settlement Agreement are confidential until it is filed in the Court. Even after the Settlement Agreement is filed with the Court, the Parties agree to keep the amounts paid to each individual Settlement Class Member confidential. This includes not publicizing or disclosing the specific monetary amounts each individual is to receive under this settlement, either directly or indirectly, that is, through agents, attorneys, or any other person or entity, either in specific or as to general existence or content, to any media, including on the internet and social media including, but not limited to Facebook, Twitter, MySpace, personal blogs and websites, the public generally, or any individual or entity. Notwithstanding the above, counsel for any party may take actions to implement this Settlement Agreement, including publicly filing it with the Court and issuing Court-approved Notice. Further, notwithstanding the foregoing, Settlement Class Members and Class Counsel may also disclose information concerning this Settlement Agreement to their respective immediate families, counsel, and tax advisors who have first agreed to keep said information confidential and to not disclose it to others, and Class Counsel may disclose information to courts in connection with declarations supporting adequacy as class counsel. The foregoing shall not prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement and shall not prohibit or restrict Settlement Class Members or Class Counsel from

responding to any inquiry about this Settlement Agreement or Action or its underlying facts and circumstances by any governmental agency, or any regulatory organization. To the extent permitted by law, with respect to any such disclosure pursuant to the foregoing sentence, each Settlement Class Members and Class Counsel shall provide Defendants with as much notice as possible of any request to make any above-described disclosure, and will use best efforts to ensure that if such disclosure occurs it will occur in a manner designed to maintain the confidentiality of this Settlement Agreement to the fullest extent possible. Finally, notwithstanding the foregoing, Defendants may disclose the specific financial terms of this Agreement for legal, accounting, and legitimate business purposes, in accordance with their usual business practice, and otherwise as required by law.

15.14.  The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

15.15.  The terms and conditions of this Settlement Agreement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action. The Named Plaintiffs, on their own behalf and on behalf of the Settlement Class they represent, and Defendants accept entry of this Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Settlement Agreement. This Settlement Agreement may be modified only by writing and signed by the original Plaintiffs and by a duly authorized representative of Defendants and approved by the Court.

15.16. This Settlement Agreement and the attachments hereto contain the entire agreement between the Parties relating to the Settlement Agreement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged in this Settlement Agreement. No rights may be waived except in writing. Notwithstanding the foregoing, however, nothing in this Settlement Agreement shall otherwise affect or alter the rights and obligations of the Parties or Settlement Class Members, as set forth in their Distributor Agreements.

15.17. This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

15.18. In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

15.19. This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15.20. In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Agreement or any provision in it.

15.21. Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| If to Class Counsel | If to Defense Counsel |
|---|---|
| Shawn J. Wanta, Esq. | Kevin P. Hishta, Esq. |
| BAILLON THOME JOZWIAK & WANTA LLP | OGLETREE, DEAKINS, NASH, SMOAK |
| 100 South Fifth Street, Suite 1200 | & STEWART, P.C. |
| Minneapolis, MN 55402 | 191 Peachtree Street N.E., Suite 4800 |
| | Atlanta, GA 30303 |

## 16.  Named Plaintiffs' Certifications

The Named Plaintiffs hereby certify that:

a)  They have signed this Settlement Agreement voluntarily and knowingly in exchange for the consideration described herein, which Named Plaintiffs acknowledge is adequate and satisfactory and beyond that to which Named Plaintiffs are otherwise entitled;

b)  They have been advised by Class Counsel and have consulted with Class Counsel before signing this Settlement Agreement; and

c)  They have been given adequate time to review and consider this Settlement Agreement and to discuss it with Class Counsel; Neither Defendants nor any of the Releasees have made any representations to Named Plaintiffs concerning the terms or effects of this Settlement Agreement other than those contained herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: _05 / 08 / 2020_____          Plaintiff Robert William Morgan, Jr.

                                                                              *Robert Morgan*
                                                                              _____

Dated: _____          Plaintiff Bobby Jo Rosinbaum

                                                                              _____

Dated: _____          Defendant Flowers Foods, Inc.

                                                                              By: _____

                                                                              Its: _____

Dated: _____          Defendant Franklin Baking Co., LLC

                                                                              By: _____

                                                                              Its: _____

Document Ref: 6AJHA-FFKZC-UCFOC-SSEJF

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: _____    Plaintiff Robert William Morgan, Jr.

_____

Dated: ___05 / 08 / 2020___    Plaintiff Bobby Jo Rosinbaum

*Bobby Rosinbaum*
_____

Dated: _____    Defendant Flowers Foods, Inc.

By: _____

Its: _____

Dated: _____    Defendant Franklin Baking Co., LLC

By: _____

Its: _____

Document Ref: M7HES-DHGMW-PZWGJ-EDO8K

DocuSign Envelope ID: 78C43749-D8C9-42EB-8CD9-E575921E5BD5

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: _____      Plaintiff Robert William Morgan, Jr.

_____

Dated: _____      Plaintiff Bobby Jo Rosinbaum

_____

Dated: 05/08/2020 | 10:54:08 AM EDT      Defendant Flowers Foods, Inc.
_____

By: *Stephanie B. Tillman*
      36656FCD19F640B...

Its: Chief Legal Counsel

Dated: 05/08/2020 | 10:54:08 AM EDT      Defendant Franklin Baking Co., LLC
_____

By: *Stephanie B. Tillman*
      36656FCD19F640B...

Its: Assistant Secretary