# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BOBBY JO ROSINBAUM and<br>ROBERT WILLIAM MORGAN, JR.,<br>*individually and on behalf of all similarly<br>situated individuals*,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., *and*<br>FRANKLIN BAKING CO., LLC,<br><br>Defendants. | Civ. A. No. 7:16-cv-00233-FL<br><br>**ORDER GRANTING DEFENDANTS'<br>UNOPPOSED MOTION TO SEAL<br>EXHIBITS** |

THIS MATTER IS BEFORE THE COURT on Defendants Flowers Foods, Inc., and Franklin Baking Co., LLC's Unopposed Motion to Seal Exhibits. Defendants have asked this Court to seal certain exhibits provisionally filed under seal by Plaintiffs in connection with their Motion for Class Certification. Plaintiffs have represented they do not oppose the motion.

The Court notes at the outset that, because Defendants have not submitted this exhibit in connection with a dispositive motion, the First Amendment right of public access does not apply. *See In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (4th Cir. Sept. 13, 1995) (table). As such, this exhibit "[is] subject to a common law right of access by the public." *Boykin Anchor Co. v. Wong*, Civ. No. No. 5:10-cv-00591-FL, 2013 U.S. Dist. LEXIS 63345, at *2 (E.D.N.C. May 3, 2013) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988)).

The common-law right of access to court documents may be overcome when "'countervailing interests heavily outweigh the public interest in access.'" *Boykin Anchor*, at *2 (quoting *Va. Dep't of State Police v. The Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)). One such countervailing interest sufficient to overcome the common-law right of access is a party's right to

protect confidential business information. *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 U.S. Dist. LEXIS 124469, at *3 (E.D.N.C. Sept. 14, 2016) ("[T]he need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents."); *see also*, *e.g.*, *Morris v. Cumberland Cnty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 U.S. Dist. LEXIS 165063, at *8 (E.D.N.C. Nov. 13, 2013) (observing that "the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances"); *Minogue v. Modell*, 2011 U.S. Dist. LEXIS 33767, *12 (D.Md. 2011) ("Tax returns frequently are protected from public disclosure.")).

In applying the less-stringent standard under the common-law right of access, the Court has carefully considered the prerequisites for a motion to seal as set forth in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984), and *Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 179–80 (4th Cir. 1988), and concludes that the Defendants have satisfied the necessary requirements. The public has been provided notice of the request to seal and interested parties were allowed a reasonable opportunity to object. Defendants publicly filed their motion to seal and memorandum in support.

Upon review of the Proposed Sealed Documents and Defendants' motion to seal, the Court concludes that the exhibit contains confidential business information is subject to the Stipulated Protective Order in this matter. The interest in protecting this confidential information is sufficient to outweigh the public right to access. The Court therefore concludes that this exhibit should be filed under seal, and finds that no less drastic alternatives exist.

Upon review of the matter, Defendants' Unopposed Motion to Seal Exhibits is GRANTED, and the Court concludes that the following Docket Entries should be maintained under seal:  313, 315, 316, and 327.

The clerk of court is directed to maintain as sealed the following Docket Entries: 313, 315, 316, and 327.

SO ORDERED, this __29th__ day of ___December___, 2020.

_____
Louise W. Flanagan
United States District Judge